CASE 86.—ACTION BY THE COMMONWEALTH BY T. C.
HALTEMAN, REVENUE AGENT, AGAINST THE
MORRELL REFRIGERATOR CAR COMPANY, TO RE-
COVER A PENALTY.—October 13.

# Commonwealth, &c. v. Morrell Ref. Car. Co.

Appeal from Carlisle Circuit Court.

R. J. BUGG, Circuit Judge.

From a judgment of dismissal plaintiff appeals—
Affirmed.

1.  Corporations—Penalties—Penal Actions—Statutes.—Under Cr.
    Code Prac. sec. 11, providing that a public offense punishable
    by fine only may be prosecuted by a penal action, and Ky. St.
    1903, section 4028, authorizing an action for a penalty, a
    penal action lies for the penalty imposed by section 4087, de-
    claring that a corporation refusing to make reports required
    by law shall be guilty of misdemeanor, and shall be fined.
2.  Venue—Action for Penalty.—Under Ky. St. 1903, section 4087,
    making a corporation refusing to make required reports guilty
    of a misdemeanor, the offense is committed when it fails to
    make the report to the auditor at his office in Frankfort, and
    under Cr. Code Prac. section 11, providing that proceedings
    in penal actions are regulated by the Code of practice in
    civil actions, and Civ. Code Prac. section 63, poviding that
    actions must be brought in the county where the cause of
    action arose, a penal action against the corporation must be
    brought in Franklin county.
Nunn, J., dissenting.

J. W. NICHOLS & SON for appellant.

1. We submit that under section 4263, Ky. Stats.; the auditor's
agent had the right to institute an action to recover of appellee
the penalty sued for in this action.  This right is not confined
to proceedings against diligent officers but he may proceed against

Commonwealth, &c. v. Morrell Ref. Car. Co.

any person from whom money is due to the Commonwealth. As to whether the auditor directed his agent to institute the suit or not is not a jurisdictional fact and cannot be raised by special demurrer. The presumption is that the agent has done his duty and acted within his authority.

2. We submit that the judgment sustaining the special demurrer and dismissing the petition is erroneous and should be reversed.

### AUTHORITIES CITED.

Ky. Stats., 4078, 4087, 4263; Cr. Code, sec. 11; Civ. Code, sec. 63; Portland Rry Dock Co. v. Trustees of Portland, 12 B. Mon., 77; Economy B. & L. Co. v. Paris M'f'g Co., 68 S. W., 211; Comlth. v. Central B. & L. Co., 97 Ky., 325; Comlth. v. Sherman, 85 Ky., 686; Com. v. Avery, 14 Bush, 625.

JOHN E. KANE, HUMPHREY, DAVIS & HUMPHREY for appellee.

### SUMMARY.

1. The special demurrer in this action was properly sustained. Because the revenue agent had no authority, and the petition shows no cause of action, giving him a right to sue as a co-plaintiff in this action. In all actions and proceedings enumerated which a revenue agent can institute he is merely the agent of the Commonwealth, and not a co-plaintiff. (Ky. Statutes, 4263; Commonwealth v. Southern Pacific Co., 32 Ky. Law Rep., 285; Commonwealth v. Bacon, 31 Ky. Law Rep., 472.)

2. Because the Carlisle county circuit court has no jurisdiction over this offense—

(a) Because actions must be brought in the county where the cause of action arose. (Code 63.)

(b) This was a non-feasance committed in Franklin county, which court has sole jurisdiction. (Louisville & Jeffersonville Ferry Company v. Commonwealth, 104 Ky., 726, 20 Ky. Law Rep., 927; Louisville Tobacco Warehouse Company v. Commonwealth, 106 Ky., 165, 20 Ky. Law Rep., 1047; Suburban Electric Company v. Commonwealth, 21 Ky. Law Rep., 1556.)

(c) Non-feasances are punishable in the courts of the county where the non-feasance was committed. McBride v. Commonwealth, 4 Bush, 331; Commonwealth v. Kinnaird, 18 Ky. Law Rep., 647; Commonwealth v. Boyle County Fiscal Court, 113 Ky., 325.)

3. The cases cited by appellants to support the contention that

Commonwealth, &c. v. Morrell Ref. Car. Co.

the Carlisle circuit court has jurisdiction are not similar to the present one, but are for the affirmative offense of doing business without a license, and doing business without previously filing a report, and not for a non-feasance. (Commonwealth v. Grand Central Building & Loan Association, 97 Ky., 325; Commonwealth v. Sherman, 85 Ky., 686; Commonwealth v. Avery, 14 Bush, 625, Ky. Stat., 571; "Act for incorporation and regulation of Life Insurance Companies," affirmed March 12, 1870, section 42.)

4. Because the record shows this action to have been brought by a revenue agent, and a revenue agent has no capacity to bring a penal action to punish a misdemeanor, such as the present action is. The Commonwealth's attorney is the only person who can bring such an action. (Ky. Stats., 118, 4261, 4263; Louisville & Jeffersonville Bridge Co. v. Commonwealth, 104 Ky., 726, 20 Ky. Law Rep., 927; Louisville Tobacco Warehouse Company v. Commonwealth, 106 Ky., 165, 20 Ky. Law Rep., 1047; Suburban Electric Company v. Commonwealth, 21 Ky. Law Rep., 1556.)

5. The motion to quash in this action should have been sustained.

(a) That served upon Hon. R. J. Bugg, because his uncontradicted affidavit and the record show that prior to the service thereof upon him he had ceased to be an officer of the defendant upon whom process could be served, and his successor had been appointed under all the requirements of sections 571, Kentucky Statutes.

(b) That served upon R. E. Kane, because by his uncontroverted affidavit and the record it is shown that the defendant corporation had been duly dissolved before the service thereof upon him, and because this character of penal action for punishing a misdemeanor does not survive under section 561 Ky. Statutes.

(c) Taking depositions in this case cannot revive a dissolved and non-existent corporation, and any attempt to do so must of necessity be unauthorized and void.

OPINION OF THE COURT BY JUDGE HOBSON—Affirming.

The Morrell Refrigerator Car Company is a Kentucky corporation, having its principal place of business in Carlisle county. On July 24, 1905, in accordance with section 561, Ky. St. 1903, it went into liquidation, and turned over all its property to William H. Foster, in trust to pay off all just demands

against the company and to distribute the remaining assets among the stockholders. On September 18, 1905, this action was instituted in the Carlisle circuit court by T. C. Halteman as revenue agent in the name of the Commonwealth and of himself against the car company. It was charged in the petition that the defendant had wilfully failed and refused between the 15th day of September, 1904, and the 1st day of October, 1904, to make and deliver to the Auditor of Public Accounts the statement and report required by section 4078, Ky. St. 1903, and that it wilfully failed to make that report every day since the 1st day of October, 1904, for the period of 343 days, by reason of which it had become liable to the Commonwealth for a fine of $1,000 and a penalty of $50, for each day of the time, amounting in all to the sum of $18,150, for which judgment was prayed, with a penalty of 20 per cent. thereon, and cost. A special demurrer was filed to the petition on the ground that the court had no jurisdiction of the action. The demurrer was sustained by the court and the proceeding dismissed. From this judgment, the appeal before us is prosecuted.

The statute under which the proceeding was instituted is as follows: "Whenever any penalty is provided for in this chapter, it may, unless otherwise especially stated, be enforced either by indictment in the circuit court of the county, or by action in any court having competent jurisdiction." Ky. St. 1903, section 4028. "Any corporation or officer thereof, wilfully failing or refusing to make reports as required by this chapter shall be deemed guilty of misdemeanor, and for each offense shall be fined one thousand dollars, and fifty dollars for each day the same is not made after October the first of each year." Ky. St.

1903, section 4087. Section 11 of the Criminal Code of Practice provides: "A public offense, of which the only punishment is a fine, may be prosecuted by a penal action in the name of the Commonwealth of Kentucky, or in the name of an individual or corporation, if the whole fine be given to such individual or corporation. The proceedings in penal actions are regulated by the Code of Practice in civil actions." The punishment for the offense for which the defendant was prosecuted was a fine, and therefore the proceeding is covered by this section. Section 63 of the Civil Code of Practice, which regulates the jurisdiction of courts in cases of this character so far as material, is as follows: "Actions must be brought in the county where the cause of action, or some part thereof, arose, for the recovery of a fine, penalty or forfeiture, imposed by statute." It follows that the action must be brought in the county where the cause of action, or some part of it, arose. The proceeding is based upon the allegation that the defendant has failed and refused to make a certain report to the Auditor. The Auditor's office is in Frankfort. It is contemplated by the statute that the report shall be made to the Auditor at his office. The offense was committed when the defendant failed to report to the Auditor and the cause of action then arose. It is not material where the defendant signed the report or where it was sworn to, The offense was committed when the report was not filed with the Auditor at his office in Frankfort; and therefore the cause of action arose in Franklin county. In several cases where corporations had their office in Jefferson county it was insisted that the Franklin circuit court had no jurisdiction; but this court uniformly held that the cause of action arose in Franklin county,

and that the proceeding was properly instituted there. Louisville, etc., Ferry Co. v. Commonwealth, 104 Ky. 726, 47 S. W. 877, 20 Ky. Law. Rep. 927; Louisville Tobacco Warehouse Co. v. Commonwealth, 106 Ky. 165, 49 S. W. 1069, 20 Ky. Law Rep. 1747, 57 L. R. A. 33. A contrary rule was not laid down in Comth. v. Grand Central Bldg. & Loan Co., 97 Ky. 325, 17 Ky. Law Rep. 215, 30 S. W. 626. In that case the defendant was fined for carrying on business without having complied with the provisions of the statute. The business was carried on in the county in which the proceeding was instituted. The offense consisted in thus carrying on business, and therefore the proceeding was properly instituted in the county in which the business was done. In cases of this sort the cause of action of the Commonwealth accrues when the act is done which entitles it to demand the penalty, and it accrues in the county where the act is done. The act here which entitled the Commonwealth to demand the penalty was the omission to file the report with the Auditor. This omission having occurred in Franklin county, the cause of action arose there, and the proceeding could only be instituted in that county. This conclusion makes it unnecessary for us to consider the other questions discussed by counsel.

Judgment affirmed.

Nunn, J., dissenting.