THE STATE OF NEW JERSEY, RESPONDENT, v. GEORGE M. BREWSTER, PROSECUTOR.

Argued February 17, 1915—Decided March 9, 1915.

1. The defendant was indicted for a violation of a statute which makes it a misdemeanor for any witness summoned before a legislative committee, to refuse to appear before it and be sworn. The indictment charges that the defendant was summoned to appear without stating where he was served with the writ; and it was moved to quash upon the ground that unless he was served in the county where the indictment was found, no crime was committed in that county, and therefore the place of service was a material fact and should be charged in the indictment. *Held,* that the place of service is not material, for the offence was not complete until refusal to appear and be sworn at the place named in the summons, and the place of the offence was where he is summoned to appear in order that he may be sworn, and his refusal to appear amounts to a refusal to be sworn, which is the material offence created by the statute.

2. Where the indictment avers that two committees of the legislature constitute a joint committee of the legislature, it is a sufficient averment that the two were a joint "legislative committee."

On motion to quash an indictment.

Before Justices TRENCHARD, BERGEN and BLACK.

For the motion, *Mackay & Mackay* and *Gilbert Collins.*

*Contra, Martin P. Devlin,* prosecutor of the pleas.

The opinion of the court was delivered by

BERGEN, J. An indictment was presented to the Court of Oyer and Terminer of the county of Mercer, in this state, by the grand jury of that county against the defendant, which was handed down to the Quarter Sessions, charging that he did willfully neglect and refuse to appear before a legislative committee in obedience to a summons or writ of subpœna "and did refuse to be sworn and did refuse to be affirmed," contrary to the provisions of a statute of this

state entitled: "An act respecting the examination of witnesses before legislative committees and providing for the punishment of witnesses refusing or neglecting to appear or give evidence before such committees." *Pamph. L.* 1895, *p.* 162, and *Comp. Stat., p.* 2241. The first section of this act provides, that in any investigation by any joint committee, or standing or special committee of either house which shall or may be directed to enter upon an investigation or inquiry, all witnesses sworn shall answer all questions pertinent to the inquiry even if the answers tend to criminate him, but that such answers shall not be used against him in any other proceeding except for perjury in respect to such answers, and the second section makes it a misdemeanor for any witness summoned before the committee to willfully neglect or refuse to appear before it, or to refuse to be sworn or affirmed. The defendant was indicted for refusing to appear and to be sworn in obedience to a writ of subpœna served upon him requiring him to appear before a legislative committee, at the state house in Trenton, and the indictment having been brought to this court by a writ of *certiorari,* it is now moved that it be quashed. Several reasons are urged, the important and material of which we have considered and will dispose of in the order argued by the prosecutor.

The first is, that the indictment does not show where the summons was served, and that if not served in the county of Mercer, then no offence was committed in that county, but in the county where the service was made, and over which the criminal courts of Mercer county would have no jurisdiction, and therefore the place of service was material and should have been alleged. We are of the opinion that this argument is not applicable to the present proceedings, for the statute which creates the crime for which the defendant is indicted is a willful refusal to appear in obedience to the summons at the place named therein, or to be sworn or affirmed.

The crime does not rest upon the mental conclusion of the defendant that he will not obey, but upon the fact that

he does not appear at the place designated or refuses to be sworn, and is not complete until he fails to present himself as required in the summons that he may be sworn, and also his refusing to be sworn.  His absence amounts to a refusal to be sworn, which is an element of the offence charged in this indictment.  The question whether the summons was ever served in any such way as to give the committee jurisdiction or to make the defendant liable under the terms of the statute, is a question of fact to be disposed of on ·the trial.  We think that under this statute the properly constituted legislative committee has the power to summon a witness to appear before it, that he may be sworn, and that the refusal to obey the summons amounts to a refusal to be sworn, which can only happen at the place where the defendant is required to appear for such purpose.

The next point is, that the legislative committee, described in the indictment as a "joint appropriations committee of the legislature" had no legal existence.  The argument in support of this claim is, that it is apparent on the face of the indictment that there was no joint appropriations committee appointed by a joint resolution of the two houses of the legislature so as to make it a joint committee.  The indictment charges that the defendant was summoned to appear "before the joint appropriations committee of the legislature of the State of New Jersey for the year 1914, to testify in an investigation and inquiry."  This we think sufficiently charges the legal existence of such a committee, and that so much of the indictment as sets out the appointment of the committees of the two houses and the names of the members of the committee, may be treated as surplusage, for without it, the defendant is clearly informed that his offence was in not appearing before such joint committee and in refusing to be sworn.  In addition to this, the indictment charges that the joint appropriations committee was composed of the committee on appropriations of the two houses, and that such committee organized by the election of a chairman and a secretary, and this we think sufficiently avers, if such averment be necessary, that there was a joint

committee, joint in the fact that it was made up of members of the senate and house of assembly acting as a joint committee.

The other points argued have been examined and are without legal merit.

The motion will be denied and the record remitted to the Mercer County Court of Quarter Sessions for trial.