NATIONAL SUPPLY COMPANY–MIDWEST, Appellant,
v. ABELL et al., Respondents.

(No. 6,630.)

(Submitted June 10, 1930.  Decided June 18, 1930.)

[289 Pac. 577.]

*Mr. Frank England,* of the Bar of Casper, Wyoming, *Mr. Henry McClernan* and *Mr. Louis P. Donovan,* for Appellant, submitted a brief.

*Messrs. Walchli & Korn,* for Respondents, submitted a brief; *Mr. Daniel J. Korn* argued the cause orally.

MR. JUSTICE ANGSTMAN delivered the opinion of the court.

This action was commenced in Toole county. On motion of all defendants, save Abell, who was not served with process, the venue was changed to Flathead county. The appeal is by plaintiff from the order granting the motion for change of venue.

The complaint alleges, in substance, that defendants are directors of the Abell Oil Company, a domestic corporation with its principal place of business in Flathead county; that the defendants failed to file the annual report of the corporation due on March 1, 1927, showing the condition of the company as of December 31, 1926; that on March 21, 1927, the Abell Oil Company purchased from plaintiff, a Delaware corporation with its principal office and place of business in Toole county, Montana, certain merchandise and paid a part of the purchase price in cash and executed promissory notes payable at the office of plaintiff in Shelby, Toole county, for the balance. Some of the notes not having been paid when due, the action was commenced against the directors by virtue of section 6003, Revised Codes 1921.

The affidavit, in support of the motion for change of venue, shows that all moving defendants reside, and were served with summons in Flathead county, save Dewey, who resides and was served in Lake county; that the cause of action, if one exists, arose in Flathead county, the principal place of business of the Abell Oil Company, and the county in which the annual statements are required to be filed, and not in Toole county, where the action was commenced.

Section 6003, supra, requires corporations to file reports by March 1 of each year in the office of the county clerk of the county in which the principal place of business is situated, showing the condition of the corporation on December 31 preceding. It then provides: "If the directors or trustees of any corporation shall fail to file such report, the directors of the corporation shall jointly and severally be liable for all debts or judgments of the corporation *then existing, or* which may thereafter be in anywise incurred until such report shall be made and filed."

By Chapter 5, Laws of 1927, section 6003 was amended so as to require also that a certified copy of the report be filed in the office of the secretary of state, and in which the italicized words above were omitted. Because of section 90, Revised Codes 1921, Chapter 5 did not become effective until July 1, 1927, long after the alleged failure to file the report and after the indebtedness was incurred. But whether section 6003, as it existed before or as it stands after the amendment, applies here is not important, for the result is the same. Before, as well as after amendment, its provisions are the same so far as the liability here sought to be enforced is concerned. The debt was incurred after the failure to file the statement. Section 6003, before as well as after amendment, covered such a liability on the part of the directors.

The liability created by the statute is in the nature of a penalty for failure to file the statement, and is not based upon contract. (*Gans* v. *Switzer,* 9 Mont. 408, 24 Pac. 18; *Elkhorn Trading Co.* v. *Tacoma Min. Co.,* 16 Mont. 322, 40 Pac. 606; *Wethey* v. *Kemper,* 17 Mont. 491, 43 Pac. 716; *State Sav. Bank of Butte* v. *Johnson,* 18 Mont. 440, 56 Am. St. Rep. 591, 33 L. R. A. 552, 45 Pac. 662; *First Nat. Bank of Missoula* v. *Cottonwood Land Co.,* 51 Mont. 544, 154 Pac. 582; *Butler* v. *Peters,* 62 Mont. 381, 26 A. L. R. 560, 205 Pac. 247; *Continental Oil Co.* v. *Montana Concrete Co.,* 63 Mont. 223, 207 Pac. 116.)

In most, if not all, of the foregoing cases it appears that the debt sought to be recovered existed at the time of the

failure to file the report. Because of that fact, counsel for plaintiff contend that the cases are not authority on the proposition that liability for debts subsequently incurred is in the nature of a penalty. We do not agree with this contention. The statute imposes the liability in the nature of a penalty for failure to file the report. The debts, whether created before or after the failure to file the report, serve but to measure the extent of the penalty.

The liability being in the nature of a penalty, the proper venue of the action depends upon section 9094, Revised Codes 1921, which, in part, provides: "Actions for the following causes must be tried in the county where the cause, or some part thereof, arose, subject to the like power of the court to change the place of trial: 1. For the recovery of a penalty or forfeiture imposed by statute."

In the case of *Commonwealth* v. *Morrell Refrigerator Car Co.*, 129 Ky. 738, 112 S. W. 860, the court had before it this same question under a statute very similar to our section 6003, and held that the cause of action arose within the meaning of a statute identical with our section 9094, in the county where the report should have been filed. We are in accord with the views of the Kentucky court on this question.

But it is contended by plaintiff that, since the notes were made payable in Toole county, and since they evidence the debt sought to be collected, at least a part of the cause of action arose in Toole county within the meaning of section 9094. Like contention was made in the case of *Veeder* v. *Baker*, 83 N. Y. 156. In that case the statute involved made the officers of a corporation liable for its debts in case they filed a false report. The statute relating to venue was identical with our section 9094. The court held that the entire cause of action arose in the county where the report was filed, though the debt had its origin in another county. The court, in discussing the question, said: "The defendant therefore claims that as the iron company was located in Monroe county and the false report was made and filed there,

that county was the proper county for the trial of the action, under section 983 of the Code, which provides that an action to recover a penalty or forfeiture imposed by statute must be tried in the county 'where the cause of action or some part thereof arose.' This cause of action arose in Monroe county. The false report was there made and filed, and the penalty was there incurred. The learned counsel for the plaintiff, however, claims that as the debt against the company had its origin in St. Lawrence county, some part of the cause of action arose there. But the defendant was not primarily liable for that debt. He did not create it, or in any way obligate himself to pay it. The cause of action against him is the false report, and nothing else. That, and that only, gave the right to sue him. That is the cause of his liability, and that cause arose in Monroe county. Jurists have found much difficulty in precisely defining a cause of action (Pomeroy on Remedies, sec. 452). It may be said to be composed of the right of the plaintiff and the obligation, duty or wrong of the defendant; and these combined, it is sufficiently accurate to say, constitute the cause of action. Here the false report, the wrong of the defendant, gives the plaintiff the right to enforce the penalty. It is true that in a suit to recover the penalty, the plaintiff to sustain his action must prove not only the false report, but the debt against the company. This is so because the statute imposes no specific penalty for its violation. The debts are the measure of the penalty, and they must be proved for that purpose. Monroe county was, therefore, the proper place for the trial of this action.''

The reasoning of the court in that case applies to this. Here the failure to file the report gave rise to the cause of action. (*State Sav. Bank of Butte* v. *Johnson,* supra.) The debts subsequently created constituted but the measure of recovery. (See *Graves* v. *McCollum & Lewis,* (Tex. Civ. App.) 193 S. W. 217.) The cause of action arose in Flathead county, the place of the omission to file the report.

560

The court properly ordered the place of trial changed to Flathead county. The order is affirmed.

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES MATTHEWS, GALEN and FORD concur.