The People of the State of New York, Respondent, *v.* Ernst Mueller, Herman Schwarzman, Bruno Haehnel, Addo Bielefeld, Henry Hauck, Henry Wolfgang and German-American Settlement League, Inc., Appellants.

Second Department, November 4, 1938.

*John Winans* [*Thomas J. Wall* and *V. H. Kalenderian* with him on the brief], for the appellants.

*Lindsay R. Henry, Assistant District Attorney* [*Fred J. Munder, District Attorney,* with him on the brief], for the respondent.

PER CURIAM. The defendants were indicted by the Suffolk county grand jury and convicted in the Suffolk County Court of the crime of failing to file with the Secretary of State the documents and statements specified in section 53 of article V-A of the Civil Rights Law. Defendant German-American Settlement League, Inc., is a membership corporation, having its principal office in Kings county, and operating in Suffolk county a certain property known as Camp Siegfried. It was the theory of the prosecution that the corporate defendant is a society of the character contemplated by the foregoing statute, requiring an oath as a prerequisite or condition of membership.

Assuming that an oath was required, and that the corporate defendant would, therefore, be bound by the statute, the grand jury of Suffolk county had no jurisdiction to find the indictment. Jurisdiction is in the county where the documents should have been filed; that is, in Albany county. (*Commonwealth* v. *Morrell Ref. Car Co.,* 129 Ky. 738; 112 S. W. 860; *National Supply Company-Midwest* v. *Abell,* 87 Mont. 555; 289 P. 577; *State of Kansas* v. *Snell,* 131 Kan. 370; 291 P. 737; *State of New Jersey* v. *Brewster,* 87 N. J. L. 75; 93 A. 189.) It is unnecessary to determine now whether jurisdiction might also be found in Kings county, where the corporation has its principal office. The lack of jurisdiction in the grand jury and the County Court of Suffolk county requires a dismissal of the indictment.

It may well be that the indictment should be dismissed for a further reason. The Court of Appeals has distinctly held that an organization which exacts only a pledge of its members is not bound by section 53 of article V-A of the Civil Rights Law. (*People*

*ex rel. Bryant* v. *Zimmerman*, 241 N. Y. 405.) It would seem that the words to which the witness Brandt testified constituted a pledge, rather than an oath, and were, therefore, under the foregoing authority, insufficient to form the basis of an indictment.

A statutory ban may not be enlarged by judicial construction. However desirable it may be to repress the promotion of discord and disloyalty by adherents of foreign forms of government, we should not attempt to remedy the evil by prosecution lacking the sanction of existing law. The interests of all are best served by applying the law as it stands. If there be a defect in the law, it should be remedied by appropriate new legislation.

In view of these conclusions it is unnecessary to consider the remaining points raised by the appellants.

As to defendant Mueller, the judgment should be reversed on the law, the indictment dismissed, the fine remitted, and bail exonerated. The appeal from the order should be dismissed.

As to defendants Schwarzman, Haehnel, Bielefeld, Hauck and Wolfgang, the judgment should be reversed on the law, the indictment dismissed, the fines remitted, and defendants discharged from custody. The appeal from the order should be dismissed.

As to defendant German-American Settlement League, Inc., the judgment should be reversed on the law, the indictment dismissed, and fine remitted. The appeal from the order should be dismissed.

HAGARTY, CARSWELL, JOHNSTON, TAYLOR and CLOSE, JJ., concur.

As to defendant Mueller: Judgment of the County Court of Suffolk county reversed on the law, indictment dismissed, fine remitted, and bail exonerated. Appeal from order dismissed.

As to defendants Schwarzman, Haehnel, Bielefeld, Hauck and Wolfgang: Judgment of the County Court of Suffolk county reversed on the law, indictment dismissed, fines remitted, and defendants discharged from custody. Appeal from order dismissed.

As to defendant German-American Settlement League, Inc.: Judgment of the County Court of Suffolk county reversed on the law, indictment dismissed, and fine remitted. Appeal from order dismissed.