HIDDEN HOLLOW RANCH, a Montana Corporation, Plaintiff and Respondent, v. GEORGE W. COLLINS and VELDA M. COLLINS, Defendants and Appellants.

No. 10822.

Submitted September 13, 1965. Decided October 7, 1965.

Rehearing denied October 27, 1965.

406 P.2d 365.

Rankin & Acher, Helena, Arthur Acher (argued), Helena, for appellants.

Patrick F. Hooks (argued), Townsend, for respondent.

MR. JUSTICE JOHN C. HARRISON delivered the Opinion of the Court.

This appeal is by George W. Collins and Velda M. Collins, defendants below, from an order by Victor H. Fall, District Judge, First Judicial District, denying their motion for change of venue from Broadwater County to Chouteau County, their place of residence.

The parties to this action are owners of adjoining grazing lands in Broadwater County. The plaintiff, Hidden Hollow Ranch, Inc., filed a complaint in the District Court in Broadwater County alleging that certain partition fences between these grazing lands had fallen into such a state of disrepair and decay that they no longer served the function of separating and containing the livestock of the parties, that the plaintiff on many occasions during 1962 and 1963 had requested and demanded that the defendants participate in repairing and

rebuilding these fences and share in the costs which would be incurred therefrom, but that the defendants had refused, failed and neglected to respond to these requests and demands. The complaint alleges further that on or about August 13, 1963, the plaintiff, acting through its president, Frank Flynn, personally served on the defendant, George W. Collins, written notice, as required by section 67-807, R.C.M.1947, of the necessity to rebuild and repair these partition fences, that more than five days elapsed after notice was served, but again that defendants failed to respond. Whereupon, the plaintiff undertook, at its sole expense, the repairing and rebuilding of these fences and instituted this action against the defendants under section 67-807, R.C.M.1947, to recover the expenditures made thereon.

A summons was issued and served upon the defendants at their residence in Chouteau County on November 21, 1963. The defendants appeared, moved for a change of venue to Chouteau County as the proper place for trial, and when such motion was denied, brought this appeal for determination of the question whether under the law they have a right to have this case tried in Chouteau County, their place of residence.

In determining venue under our statutes, ordinarily and when possible, the action should be tried in the county in which the defendants reside at the commencement of the action. Section 93-2904, R.C.M.1947; Fraser v. Clark, 128 Mont. 160, 180, 273 P.2d 105; Erickson v. Toy, 142 Mont. 121, 124, 385 P.2d 286. This general policy favors defendants, but its wisdom is justified in view of the plaintiff's position in controlling institution of the suit. He might behave oppressively toward the defendant unless restricted. Consequently, the right of a plaintiff to have an action tried in a county other than that in which the defendants reside is exceptional. If a plaintiff would claim such right, he must bring himself within the terms of the enumerated exceptions as provided in our venue statutes. Fraser v. Clark, 128 Mont. 160, 177, 273 P.2d 105.

The claim set forth in respondent's complaint is based specifically upon section 67-807, R.C.M.1947:

"In case any person neglects or refuses to repair or rebuild any partition fence which by law he ought to build or maintain, the occupant of the adjoining land may, after giving sixty days' notice that a new fence should be erected, or five days' notice in writing that the repairing of such fence is necessary, build or repair such fence at the expense of the party so neglecting or refusing, the amount so expended to be recovered from him; and the party so neglecting or refusing, after receipt by him of the notice above provided, is liable to the party injured for all damages he may sustain thereby."

Both sides contend and agree that an adjoining landowner who, when timely notice is given him, fails or refuses to participate in the building or repairing of partition fences, which by section 67-803, R.C.M.1947, he is bound to maintain equally with his adjoining neighbor, is liable for the entire expenditures and all damages of the occupant of the adjoining land seeking recovery. The issue in this action arises from the conflicting viewpoints of the parties as to the nature of this statutory liability.

The respondent sets forth two theories: (1) The liability created by section 67-807 is in the nature of a penalty which under section 93-2902, R.C.M.1947, must be recovered in an action tried in the county where "the cause, or some part thereof, arose," or (2) the cause of action arising under section 67-807 involves a determination of some form of interest in real property, and therefore, under section 93-2901, R.C.M. 1947, must be tried in the county in which "the subject of the action, or some part thereof, is situated." The appellants, on the other hand, view the matter as a liability created by statute other than penalty or forfeiture, analogous to a debt or charge non-penal in character, which being transitory in nature is a personal obligation and therefore recoverable from the defendant only at his place of residence. However, in a supplemental memorandum filed following oral arguments, the ap-

pellants seems to retract from this position. On page 4 of the document entitled "Supplemental Citations for Appellant," there is an admission that the nature of the liability imposed by section 67-807 may be penal in essence:

"The plaintiff could have asked for a penalty, but, having failed to do so, he can not seek to rely upon the venue statute authorizing an action for a penalty or forfeiture to be maintained in the county where the cause of action arose."

"The suit is for one-half the cost of repairing a partition fence."

Apparently, the appellants' position is that inasmuch as the respondent has alleged that it is entitled to recover one-half of the costs of the repairs under count one of the complaint, when as agreed by both parties such allegation could have asked for all the costs and all damages which the respondent might have suffered, the respondent has not shown that his claim is for a recovery entitled to exceptional venue treatment.

Agreeing with both parties to the embarrassment of the respondent, that the complaint is not a compendium of careful draftsmanship, we wish to point out that glaring errors in pleading, of which those in this complaint are admittedly an example, often and usually do add confusion to lawsuits and waste time unnecessarily on procedural matters. But suffice it to say, uncertainty of sense does not alone spring from uncertainty of expression. It is the allegations in the complaint which ordinarily determine the nature of the action, and the court will, when possible, sustain the theory intended by the pleader, and follow such theory if it is supported by the allegations. 71 C.J.S. Pleading § 92b, p. 234.

Here in Montana Rule 8, M.R.Civ.P. is a rule of liberality, closely following the form and policy of the Federal Rules of Civil Procedure, 2 Moore's Federal Practice, pp. 1603-1627, and explains our policy that in pleading matters, "[a] pleading which sets forth a claim for relief * * * shall contain (1) a short and plain statement of the claim showing that the pleader is entitled to relief, and (2) a demand for judgment.

for the relief to which he deems himself entitled. Relief in the alternative or of several different types may be dmanded." It is always to be presumed that no absurd or unreasonable result was intended by the complainant. We must look to the claim as a whole, to the subject with which it deals, to the reason and spirit of the allegations in ascertaining its real purpose. If such purpose can reasonably be said to be within the scope of the language used, that purpose should be honored. We note that in his prayer for relief, respondent "prays judgment against these defendants in the total amount of Six hundred sixty-seven dollars ($667.00), together with interest thereon and plaintiff's costs incurred and expended." After deducting the claim set up in the third count, which claim was settled before this appeal, the total remaining is for all the expenditures of the respondent and not only for one-half, as the appellant would have us believe. Respondent himself points this out to us, and further, indicates that he will "move for suitable amendment of the first count when this matter shall have been remanded * * *."

We now turn to the major question of this appeal, whether the respondent has set forth a claim which requires exceptional venue treatment.

As seen from section 67-807, supra, the refusal or neglect to perform the statutory duty, after timely notice has been given, could only be wilful and intentional. His neglect and refusal, after notice, activates the rights and liabilities of section 67-807. How can it be plausibly urged that this is not an extraordinary liability to which the law is subjecting a wrongdoer in favor of the person wronged? "This court has defined 'penalty' as follows: 'A penalty is a sum of money which the law exacts the payment of by way of punishment for doing some act which is prohibited, *or the omission to do some act which is required to be done.*' Shubat v. Glacier County, 93 Mont. 160, 18 P.2d 614, 615." (Emphasis added.) State ex rel. Sparling v. Hitsman, 99 Mont. 521, 528, 44 P.2d 747, 750.

Therefore, since we conclude that this liability created

by section 67-807, supra, is penal in nature, recovery by the plaintiff must be sought as provided in section 93-2902:

"Actions for the following causes must be tried in the county where the cause, or some part thereof, arose, subject to the like power of the court to change the place of trial:

"1. For the recovery of a penalty or forfeiture * * *."

The nature of the liability created by section 67-807 is not unlike that created by other sections of our code. In the case of National Supply Company-Midwest v. Abell, 87 Mont. 555, 289 P. 577, the plaintiff, creditor of the Abell Oil Company, brought suit against the company's directors, as individuals, for their failure to file the annual report which section 6003, R.C.M.1921 (section 15-811, R.C.M.1947) required them to do:

"If the directors or trustees of any corporation shall fail to file such report, the directors of the corporation shall jointly and severally be liable for all debts or judgments of the corporation which may thereafter be in anywise incurred until such report shall be made and filed * * *."

This court held that the liability of the directors imposed by section 6003 (now section 15-811) was a penalty. Speaking through Justice Angstman we said at page 558, 289 P. page 578:

"The statute imposes the liability in the nature of a penalty for failure to file the report. The debts, whether created before or after the failure to file the report, serve but to measure the extent of the penalty.

"The liability being in the nature of a penalty, the proper venue of the action depends upon section 9094, Revised Codes 1921, which, in part, provides: 'Actions for the following causes must be tried in the county where the cause, or some part thereof, arose, subject to the like power of the court to change the place of trial: 1. For the recovery of a penalty or forfeiture imposed by statute.'"

In the recent decision of Beavers v. Rankin, 142 Mont. 570, 385 P.2d 640, we had occasion to deal with a statutory penalty. That case involved, in pertinent part, the liability created by section 73-115, R.C.M.1947, imposing upon one who neglected

or refused to release an oil and gas lease $100 in damages to the wronged party. Mr. Justice Doyle, writing for the court said at page 573, 385 P.2d page 641:

"In enacting sections 73-114, 73-115 and 73-116, the Legislature created an inducement for a lessee to release his lease from record when it becomes forfeited, the inducement being avoidance of the $100 as a statutory penalty, all costs and a reasonable attorney's fee, plus additional damages that the evidence will warrant. Abell v. Bishop, 86 Mont. 478, 493, 284 P. 525."

He continues, on page 574, 385 P.2d page 642:

"The second cause is for the recovery of a statutory penalty. R.C.M.1947, § 93-2902, dictates that such a cause of action must be tried in the county where the cause arose."

In each of these situations, created by a party's refusal and failure to comply with statutory obligations, we see the use of a penalty as a means of compensating injured parties.

Having decided that the liability imposed by section 67-807 is a penalty, it is unnecessary for us to reply to the respondent's second theory for sustaining the court below.

Appellants raise another problem as to whether or not Velda M. Collins has been served with the required notice under section 67-807. Arguing that inasmuch as no allegation is made that notice was given her and that there is no evidence in the record showing that it had, the appellants then take the position that the only cause of action as against Velda M. Collins must be based on section 67-802 or some other section creating a liability nonpenal in nature, and that therefore the motion for change of venue as to her should have been granted. We agree with the respondent that the entire argument is completely irrelevant at this time. In examining the complaint and the attached document of notice to George M. Collins, it is clear that respondent is attempting to allege a claim under specific statute, section 67-807. As we have shown, any recovery, being penal in nature, must be sought in the county where the cause of action arose. If Mrs. Collins is not liable under section 67-807 then she may be dismissed from the action. Whether re-

spondent has in fact stated a claim against her under section 67-807 remains to be seen at the trial. But such matters have nothing whatever to do with the determination of a motion for change of venue for a claim brought under section 67-807.

This case points out the appropriateness of a recent statement of Professor Kitch: "* * * any system of procedure must use matters of form to concentrate judicial resources on matters of substance. When form is carried to the point where it is dominating, it is carried too far; but it cannot be abandoned in any system of procedure. The balance is difficult to strike, but it is clear that the issue of the place of trial is one that should be settled by simple, formal tests. An occasional hardship must be endured in the interest of the expedient operation of the system as a whole." 40 Ind.L.J. 99 at 141.

The order denying the motion for change of venue is sustained.

MR. CHIEF JUSTICE JAMES T. HARRISON and MR. JUSTICES ADAIR, DOYLE and CASTLES concur.