George W. WILSON, Secretary, Corrections Cabinet, Commonwealth of Kentucky; Al C. Parke, Superintendent, Kentucky State Penitentiary; John D. Rees, Superintendent, Kentucky State Reformatory; and Betty Kassulke, Superintendent, Kentucky Correctional Institute for Women, Appellants,

v.

Richard A. FREY, Jr., Individually, and in His Official Capacity as Executive Director for Metropolitan Correctional Services Department, Jefferson County; A. Mitchell McConnell, Jr., Individually, and in His Official Capacity as Jefferson County Judge-Executive; and Sylvia Watson, Carl Brown, and Jim Malone, Individually, and in Their Official Capacities as Jefferson County Commissioners; and Jim Green, Individually, and in His Official Capacity of Sheriff of Jefferson County; and Metropolitan Correctional Services Department, Appellees.

Court of Appeals of Kentucky.

Aug. 5, 1983.

Linda G. Cooper, David A. Sexton, Barbara W. Jones, Corrections Cabinet, Frankfort, for appellants.

W. Waverly Townes, Nold, Mosley, Clare, Hubbard & Townes, Louisville, for appellees.

Before COOPER, DUNN and HOWERTON, JJ.

HOWERTON, Judge.

This appeal is from an order of the Franklin Circuit Court dissolving a restraining order and dismissing the appellants' action for a declaratory judgment. The ground for dismissal was a lack of venue. The appellants argue that venue lies in the Franklin Circuit Court because the operative facts which prompted them to institute

a judicial proceeding occurred in Franklin County.

On March 25, 1983, Richard Frey, Executive Director of the Metropolitan Correctional Services Department in Jefferson County, Kentucky, wrote to George Wilson, Secretary for the Corrections Cabinet, and advised him that Jefferson County would no longer accept state prisoners into its facility for any reason. The letter was received in Franklin County, Kentucky, on March 29. The Corrections Cabinet sought a declaratory judgment to interpret KRS 441.006 which requires the fiscal court of each county to provide for the incarceration of prisoners held on orders of the courts in such county. The appellants argue that receipt of the letter in Franklin County was the operative fact necessary to give the Franklin Circuit Court venue.

The applicable venue statute is KRS 452.-405(2), which reads in part, "actions must be brought in the county where the cause of action, or some part thereof, arose: ... (2) against a public officer for an act done by him in virtue or under color of his office, or for a neglect of official duty." The appellants cite *Commonwealth v. Morrell Refrigerator Car Co.*, 129 Ky. 738, 112 S.W. 860 (1908), in support of their argument that the cause of action arose in Franklin County. The opinion reads in part, "[t]he act here which entitled the Commonwealth to demand the penalty was the omission to file the report with the Auditor. This omission having occurred in Franklin County, the cause of action arose there, and the proceeding could only be instituted in that county." 129 Ky. at 743, 112 S.W. 860.

We find *Morrell* to be distinguishable from the case at bar. *Morrell* was required to make a report to the state auditor in Frankfort. A penalty was prescribed for failing to file the report in Franklin County. *See also, Kentucky Straight Creek Coal Co. v. Commonwealth*, 304 Ky. 247, 200 S.W.2d 470 (1947), which held that Bell County rather than Franklin County had venue. The offense by the corporation was not in failing to file registration papers with the Secretary of State in Franklin County, but in doing business in Bell County without having first registered.

In this case, the Louisville Metropolitan Correctional Services Department was not required to do anything in Franklin County, but only in Jefferson County. There was no law requiring Frey to send his letter to Frankfort, and there is no penalty associated with delivering the letter in Franklin County. It was merely his manner of giving official notification to Secretary Wilson that Jefferson County could no longer accommodate state prisoners who were to be brought to Jefferson County for court appearances. If there has been a failure to comply with KRS 441.006, it occurred in Jefferson County.

The proper venue in this case was in Jefferson County, and the order of dismissal by the Franklin Circuit Court is affirmed.

All concur.