No. 05-521

IN THE SUPREME COURT OF THE STATE OF MONTANA

2006 MT 311

_____

CIRCLE S SEEDS OF MONTANA, INC.,

        Plaintiff and Respondent,

    v.

MONTANA MERCHANDISING, INC.,

        Defendant and Appellant.

_____

APPEAL FROM:    District Court of the Eighteenth Judicial District,
                      In and for the County of Gallatin, Cause No. DV 05-260,
                      The Honorable Mike Salvagni, Presiding Judge.


COUNSEL OF RECORD:

        For Appellant:

                Jennifer B. Lint, Boatwright Law Office, Hamilton, Montana
                David B. Cotner, Datsopoulos, MacDonald & Lind, Missoula, Montana

        For Respondent:

                Gregory O. Morgan, Gregory O. Morgan, P.C., Bozeman, Montana

_____

Submitted on Briefs:  May 23, 2006

Decided:  December 5, 2006

Filed:

_____
                            Clerk

Justice Brian Morris delivered the Opinion of the Court.

¶1     Respondent Circle S Seeds of Montana (Circle S) brought an action against Appellant Montana Merchandising, Inc. (MMI) alleging trademark infringement.  MMI appeals from an Order of the Eighteenth Judicial District Court, Gallatin County, denying its motion for change of venue.  We affirm.

¶2     We review on appeal whether the District Court erred in determining that Gallatin County constituted proper venue.

## PROCEDURAL AND FACTUAL BACKGROUND

¶3     Circle S is a Montana corporation with its principal place of business in Gallatin County.  MMI is a Montana corporation with its principal place of business in Cascade County.  Circle S filed a complaint in the Eighteenth Judicial District, Gallatin County, alleging trademark infringement by MMI.

¶4     MMI moved for a change of venue on the grounds that Circle S's complaint contained only a tort action to which § 25-2-122(1), MCA, applied.  MMI argued that Cascade County would be the only proper venue because MMI resides there and any alleged tort occurred there.  Circle S responded that it sought a statutory penalty, and therefore, it argued that the court must look to § 25-2-124, MCA, to determine the appropriate venue.  Circle S argued that Gallatin County was a proper venue because its trademark infringement action, or some part thereof, arose in Gallatin County.  The District Court determined that § 25-2-124, MCA, applied, and that Gallatin County constituted a proper venue.  This appeal followed.

2

**STANDARD OF REVIEW**

¶5    The determination of whether a county represents the proper place for trial presents a question of law that involves the application of the venue statutes to pleaded facts. *DML, Inc. v. Fulbright*, 2005 MT 204, ¶ 7, 328 Mont. 212, ¶ 7, 119 P.3d 93, ¶ 7. Our review of a district court's grant or denial of a motion for change of venue is plenary, and we determine whether the district court's ruling was legally correct. *DML*, ¶ 7.

**DISCUSSION**

¶6    *Whether the District Court erred when it determined that Gallatin County constituted proper venue.*

¶7    MMI focuses much of its argument on the contention that Circle S's complaint contained multiple claims, including a tort claim. MMI made no such argument before the District Court. We decline to consider this change in legal theory on appeal. *Hern v. Safeco Ins. Co. of Illinois,* 2005 MT 301, ¶ 67, 329 Mont. 347, ¶ 67, 125 P.3d 597, ¶ 67.

¶8    MMI argues next that the District Court erroneously applied § 25-2-124, MCA, the statute for determining venue in an action for recovery of statutory penalty. MMI points out that Circle S's complaint alleges trademark infringement against MMI, and seeks to enforce rights imposed by common law. MMI argues that these claims are based in tort, and subject to the venue requirements of § 25-2-122(1), MCA. MMI argues, based on § 25-2-122(1)(b), MCA, that proper venue lies in Cascade County, because any alleged tort would have been committed in its business offices where the decision to use the trademark originated.

¶9    The county in which the defendant resides generally provides the proper place for

3

trial in a civil action. Section 25-2-118, MCA. Montana law provides exceptions to the general rule under certain circumstances. For instance, the proper place for trial of a tort action is where the defendant resides or where the tort was committed. Section 25-2-122(1)(a), (b), MCA. Under § 25-2-124, MCA, venue is proper in an action for the recovery of a statutory penalty in the county where the cause or some part thereof arose. Where venue is proper in more than one county, then any one of the designated counties is the proper place for trial. *See* § 25-2-115, MCA.

¶10     We address first whether the District Court erroneously applied § 25-2-124, MCA. Section 25-2-124, MCA, applies only if Circle S's complaint seeks recovery of a penalty or forfeiture imposed by statute. This Court has not yet addressed what constitutes a "penalty" imposed by statute under § 25-2-124, MCA. We have considered the definition of "penalty," however, in applying § 93-2902 R.C.M. (1947), the predecessor statute to § 25-2-124, MCA.

¶11     In *Hidden Hollow Ranch v. Collins,* 146 Mont. 321, 324, 406 P.2d 365, 366 (1965), the plaintiff sought recovery of monetary damages imposed by § 67-807 R.C.M. (1947), the statute that allowed an adjoining land owner to recover all costs and damages from any person "who neglects or refuses to repair or rebuild any partition fence which by law he ought to build or maintain" if proper notice was given of the needed repairs. We determined that a "penalty," in the context of the predecessor statute to § 25-2-124, MCA, means "'a sum of money which the law exacts the payment of by way of punishment for doing some act which is prohibited, *or the omission to do some act which is required to be done.*'" *Hidden Hollow Ranch*, 146 Mont. at 326, 406 P.2d at 368,

4

quoting *Shubat v. Glacier County,* 93 Mont. 160, 164, 18 P.2d 614, 615 (1932). Under that definition, we concluded that the liability created under § 67-807 R.C.M. (1947), was penal in nature and, therefore, venue was proper where the cause or some part thereof arose. *Hidden Hollow Ranch,* 146 Mont. at 326-27, 406 P.2d at 368.

¶12 This Court discussed in *Hidden Hollow Ranch* other statutes that we previously have classified as penal in nature. For instance, we recognized that a statute imposing liability for the debts of a corporation on its directors for failing to file an annual report constituted a statutory penalty for the purposes of determining venue. *Hidden Hollow Ranch,* 146 Mont. at 327, 406 P.2d at 368, citing *National Supply Company-Midwest v. Abell,* 87 Mont. 555, 289 P. 577 (1930). We acknowledged also that a statute that levied a $100 fine on a person who failed to release an oil and gas lease as required by § 73-115 R.C.M. (1947), constituted a penalty imposed by statute. *Hidden Hollow Ranch,* 146 Mont. at 327-28, 406 P.2d at 369, citing *Beavers v. Rankin,* 142 Mont. 570, 385 P.2d 640 (1963).

¶13 The Court's examples of statutory penalties in *Hidden Hollow Ranch* comport with *Black's Law Dictionary's* definition of "penalty" as a "[p]unishment imposed on a wrongdoer, usu. in the form of imprisonment or fine; esp., a sum of money exacted as punishment for either a wrong to the state or a civil wrong (as distinguished from compensation for the injured party's loss)." *Black's Law Dictionary* 1168, (Bryan A. Garner ed., 8th ed., West 2004). *Black's* also defines "statutory penalty" as a "penalty imposed for a statutory violation; esp., a penalty imposing automatic liability on a wrongdoer for violation of a statute's terms without reference to any actual damages

5

suffered." *Black's Law Dictionary* at 1168. Both legal definitions and the Court's analysis in *Hidden Hollow Ranch* suggest that a statutory penalty differs from the mere recovery of compensatory damages.

¶14 Circle S's complaint seeks relief under § 30-13-335, MCA, and 15 U.S.C. § 1117. Section 30-13-335, MCA, grants the district court wide discretion in determining the appropriate remedy for trademark infringement brought under §§ 30-13-333, 30-13-335, MCA. The court may grant an injunction to prevent the use of such trademark. Section 30-13-335, MCA. "The court may require the defendants to pay to the owner all profits derived from and all damages suffered by reason of the wrongful manufacture, use, display, or sale" of the trademark. Section 30-13-335, MCA. The court also may award treble damages to the prevailing party, upon determining that the defendant "committed the wrongful acts with knowledge, in bad faith, or otherwise as according to the circumstances of the case." Section 30-13-335, MCA. Similarly, the federal counterpart to § 30-13-335, MCA, affords the court discretion to award treble damages on the finding that the defendant committed such trademark violation, in this case dilution, with knowledge and intent. *See* 15 U.S.C. § 1117(a).

¶15 We discussed whether discretionary treble damages constituted a penalty in *Plath v. Schonrock,* 2003 MT 21, 314 Mont. 101, 64 P.3d 984. We considered whether the district court erred in applying the punitive damage standard in denying discretionary treble damages available under the Montana Consumer Protection Act. *Plath,* ¶ 11. We determined that a discretionary award of treble damages is not punitive in nature where the statute fails to require specific intentional conduct on the part of the defendant. *Plath,*

¶ 27. Our conclusion in *Plath* suggests that § 30-13-335, MCA, and 15 U.S.C. § 1117, are punitive in nature because they impose treble damages upon the court's finding of specific intent or knowledge of the trademark infringement.

¶16　We determine, however, that the discretionary nature of the treble damages available under § 30-13-335, MCA, and 15 U.S.C. § 1117(a), precludes venue determination under § 25-2-124, MCA. Our definition of "penalty" in *Hidden Hollow Ranch* requires that the law exact payment of a sum of money for the purposes of punishing the wrongdoer. No mandatory penalty exists for trademark infringement under the given statutes. Instead, the penalty represents merely an option that the court may elect. We conclude that for the purposes of determining venue the statutes fail to "exact" punishment as required by *Hidden Hollow Ranch.* The District Court erred therefore in applying § 25-2-124, MCA, to determine proper venue.

¶17　MMI argues that Cascade County represents the proper venue for Circle S's claim on grounds that § 25-2-122, MCA, controls venue determination. Circle S elected to file this action in Gallatin County. Section 25-2-115, MCA, provides that if more than one county qualifies as a proper place of trial for any action, an action brought in any of the qualifying counties is proper, and "no motion may be granted to change the place of trial upon the ground that the action is not brought in a proper county . . . ." We must determine therefore whether Gallatin County represents an appropriate venue pursuant to § 25-2-122, MCA. We review the allegation contained in the complaint in determining proper venue. *Allen v. Atlantic Richfield Co.,* 2005 MT 281, ¶ 11, 329 Mont. 230, ¶ 11, 124 P.3d 132, ¶ 11. Circle S's complaint alleges that MMI violated federal and state

7

trademark statutes, engaged in unfair trade practices, intentionally interfered with its business relationships, and damaged its business reputation, good will, and profits. Although part of Circle S's complaint seeks damages pursuant to specific statutory provisions, the bulk of Circle S's claim sounds in tort.

¶18 A "tort is committed" for the purposes of determining venue "where there is a concurrence of breach of obligation and the occasion of damages." *BHC Holding Co. v. Hurly,* 242 Mont. 4, 6, 788 P.2d 322, 323 (1990). MMI's duty to refrain from intentionally interfering with Circle S's business practices, particularly in the use of Circle S's registered trademark, gives rise to Circle S's claims. MMI contends that any alleged breach arose at its business office in Cascade County. MMI may have made the decision to use Circle S's protected trademark at its business office in Cascade County. This action simply started in motion its alleged breach of its duty not to interfere with Circle S's business. As a result, Cascade County would be a proper venue for Circle S's action. Sections 25-2-118, 25-2-122(1)(a), MCA.

¶19 MMI's alleged breach reached fruition, however, when it widely distributed its products containing the allegedly illegal trademark to the marketplace, including Gallatin County. MMI's widespread distribution of its product to the marketplace rendered Gallatin County, and other possible locales, a proper venue in this matter. Section 25-2-122(1)(b), MCA. Moreover, damages from MMI's alleged breach would have accrued in Gallatin County, the location of Circle S's principal place of business, and where it allegedly suffered lost profits and other related damages. The "concurrence of breach of

8

obligation and the occasion of damages" occurred in Gallatin County. *BHC Holding Co.,* 242 Mont. at 6, 788 P.2d at 323.

¶20    The Dissent suggests that tying venue to the place where damages are experienced "threatens to upend our venue jurisprudence." Dissent, ¶ 26. We emphasize, however, that a "tort claim cannot arise until all the elements of the tort, including damages, are present." *Zempel v. Liberty*, 2006 MT 220, ¶ 36 n. 11, 333 Mont. 417, ¶ 36 n. 11, 143 P.3d 123, ¶ 36 n. 11; *Gabriel v. School Dist. No. 4, Libby*, 264 Mont. 177, 180-81, 870 P.2d 1351, 1352-53 (1994) (holding that because death is a necessary element in a wrongful death suit, the cause of action arises where the death occurs). "[A] tort is not wrongful conduct in the air; the arrow must hit its mark. Until there is hurt, there is no tort." *Heil v. Morrison Knudsen Corp.*, 863 F.2d 546, 550 (7th Cir. 1988).

¶21    Here the arrow hit its mark in Gallatin County where Circle S allegedly suffered damages and provided the final element of the alleged tort. Section 25-2-122(1)(b), MCA, provides that venue is proper in the county in which the tort was committed. Thus, Gallatin County represents a proper venue in this matter even though the underlying conduct in the form of MMI making the decision to use Circle S's protected trademark took place at its business office in Cascade County.

¶22    Our ruling in no way undermines the proposition set forth in the general venue statute, § 25-2-118, MCA, that venue is proper in a civil action in the county in which the defendant resides. It simply applies the more specific tort venue statute, § 25-2-122(1)(b), MCA, in a manner consistent with its plain language. *Redies v. Cosner*, 2002 MT 86, ¶ 19, 309 Mont. 315, ¶ 19, 48 P.3d 697, ¶ 19. This interpretation also comports

9

with the general rule that a specific statute controls over a more general statute. *Dept. of Revenue v. Kaiser Cement Corp.*, 245 Mont. 502, 506-07, 803 P.2d 1061, 1063-64 (1990).

¶23 Although the District Court improperly applied § 25-2-124, MCA, its determination that Gallatin County constituted proper venue is "legally correct" under § 25-2-122(1)(b), MCA. *DML,* ¶ 7. We conclude, therefore, that Gallatin County represents a proper place for trial in this action.

¶24 Affirmed.

/S/ BRIAN MORRIS

We Concur:

/S/ KARLA M. GRAY
/S/ W. WILLIAM LEAPHART
/S/ JOHN WARNER

Justice Patricia O. Cotter dissents.

¶25 I dissent. In concluding that Gallatin County is a proper venue under § 25-2-122(1)(b), MCA, we have misconstrued the statute, we have erroneously expanded this Court's holding in *BHC Holding Co. v. Hurly*, and we have displaced the historic primacy of the county of the defendant's residence as the primary place of venue. 242 Mont. 4, 788 P.2d 322 (1990).

¶26 Upon concluding that Circle S's claim sounds basically in tort, we proceed to cite *BHC Holding Co.* for the proposition that a tort is committed, for the purposes of venue, "where there is a concurrence of breach of obligation and the occasion of damages." ¶ 18. While acknowledging that MMI's decision to use the Circle S trademark occurred at its business office in Cascade County—which is also the place of residence of the Defendant—we state that the

10

alleged breach "reached fruition" when MMI "widely distributed its products" around the state, including in Gallatin County, and that damages from the breach would have accrued in Gallatin County.  ¶ 19.  With all due respect, this conclusion stretches *BHC Holding Co.* too far. Moreover, in tying venue to the place where damages are experienced, the Court threatens to upend our venue jurisprudence.

¶27    Significant to our holding in *BHC Holding Co.* was the fact that the tort occurred in Yellowstone County.    Thus,   under   § 25-2-122(1)(b), MCA, venue was proper there, notwithstanding that Hurly's place of business was in Valley County.  Because of this, our reference to the "concurrence of breach of obligation and the occasion of damages" was mere surplusage; i.e., the place where the tort occurred was already determinative under the statute. *BHC Holding Co.*, 242 Mont. at 6, 788 P.2d at 323.  Here, by contrast, the tort occurred in Cascade County at MMI's place of business where it took action to allegedly infringe upon Circle S's protected trademark.  Thus, in this case, unlike in *BHC Holding Co.*, both the locale of the tort *and* the defendant's principal place of residence were Cascade County, Montana.

¶28    Section 25-2-118(1), MCA, provides that the proper place of trial of all civil actions is the county of the defendant's residence.  This is the general venue rule.  Section 25-2-122, MCA, addresses venue in tort actions and provides that the proper place of trial is either the county of residence of the defendant or the county in which the tort was committed.  In the 2004 Annotations to Title 25, MCA, the Evidence Commission Recommendations for Revisions are noted.  *See* 2004 Annotations to the MCA, Volume 4, pages 117-18.  The Commission indicates that the location and arrangement of the venue statutes was revised in order to place emphasis upon "the most fundamental of all venue rules—that the defendant has the right to have the trial in his county of residence . . . ."  As the Annotation indicates, we have repeatedly said that the principal rule of venue is that venue is proper where the defendant resides.  *See Hardenburgh v.*

11

*Hardenburgh*, 115 Mont. 469, 473, 146 P.2d 151, 152 (1944); *Love v. Mon-O-Co Oil Corp.*, 133 Mont. 56, 59-60, 319 P.2d 1056, 1058 (1958); and *Clark Fork Paving v. Atlas Concrete*, 178 Mont. 8, 11, 582 P.2d 779, 781 (1978). That general rule is subject to the specific rules that follow, certainly, but those rules in turn must be followed faithfully.

¶29 Here, while Cascade County was both the county of the Defendant's residence and the locale where the tort occurred, Gallatin County is simply one of the many counties around the state in which the damages occasioned by the alleged tort were felt. *See* ¶ 19. No venue statute allows the locale where damages are experienced to dictate venue. I submit that under the rationale of this case—that venue is proper wherever the concurrence of breach of obligation and the occasion of damages reaches fruition—one could successfully argue in virtually any tort action that the concurrence of the two events occurs where the damages are felt, thereby placing the county of the plaintiff's residence on an equal footing with that of the defendant. While there would be nothing wrong with such a rule, the statutes as presently written do not even arguably contemplate such a result.

¶30 Under our longstanding venue rules and jurisprudence, venue in this case was proper in Cascade County, and not in Gallatin County. I would therefore reverse.

/S/ PATRICIA COTTER

Justice James C. Nelson and Justice Jim Rice join in the dissent of Justice Patricia O. Cotter.

/S/ JAMES C. NELSON
/S/ JIM RICE