FILED

12/20/2016

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 16-0325

DA 16-0325

IN THE SUPREME COURT OF THE STATE OF MONTANA

2016 MT 333N

KRISTINE DAVENPORT,

      Plaintiff and Appellant,

    v.

MORRISON & FRAMPTON, PLLC, SHARON M.
MORRISON, SEAN S. FRAMPTON, BRIAN JOOS
and RYAN PURDY,

      Defendants and Appellees.

APPEAL FROM:    District Court of the Eleventh Judicial District,
In and For the County of Flathead, Cause No. DV-16-132C
Honorable Robert L. Deschamps, III, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Kristine Davenport (Self-Represented), Missoula, Montana

      For Appellees:

          Fred Simpson, Reep, Bell, Laird, Simpson & Jasper, P.C.,
          Missoula, Montana

Submitted on Briefs:  November 16, 2016

Decided:  December 20, 2016

Filed:

_____
                    Clerk

Justice Michael E Wheat delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent.  Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2     This case arises from a failed subdivision/real estate development project in Lincoln County, Montana.  In 2007, the lending bank loaned the developer $250,000.  Before the project was completed the bank filed to foreclose on the $250,000 loan.  In 2008, the developer's attorney asked the Davenports for financial assistance and the Davenports agreed to invest approximately $547,000 into the project, allowing the project to be completed and preventing foreclosure.  The bank agreed to hold the foreclosure action in abeyance while the development was completed.  However, when the project was completed, the developer failed to sell any properties therein.  The bank amended its original foreclosure complaint to add the Davenports, among others, as parties and again sought foreclosure.

¶3     Sean Frampton, a Whitefish resident and investor in the development project, as well as a partner in Morrison & Frampton, a law firm located in Whitefish, Flathead County, Montana, represented the owners and the developing contractor in the foreclosure action.  According to Kristine Davenport, Frampton induced her to allow a default judgment to be entered against her in the Lincoln County foreclosure proceeding,

convincing her that he would obtain a favorable outcome in that litigation and that all the parties, including those against whom default judgments had been entered, would benefit. Frampton failed to prevail and the Davenports, and other investors and contractors, lost considerable funds as well as the property.

¶4     In January 2013, the Davenports, residents of Missoula, Missoula County, Montana, and acting pro se, sued Morrison & Frampton and its partners, alleging multiple contract and tort causes of action, including breach of contract, deceit, fraud, and negligent misrepresentation. They sought compensatory and punitive damages as well as costs and attorneys' fees. Early in the proceeding, Kristine's parents, James, who had died, and Aileen, were dismissed as parties to the action, leaving Kristine as the sole plaintiff.

¶5     Morrison & Frampton moved to change venue from Missoula County to Flathead County. On February 4, 2016, the Fourth Judicial District Court, Missoula County, granted the motion and instructed the clerk of court to transmit the record to the Flathead County clerk of court.

¶6     Kristine Davenport appeals the court's order granting a change of venue. We affirm.

¶7     The dispositive issue on appeal is whether the District Court erred in granting Morrison & Frampton's Motion to Change Venue to Flathead County. We review a district court's grant or denial of a motion to change venue for improper county for correctness. *Circle S Seeds of Mont., Inc. v. Mont. Merch., Inc.*, 2006 MT 311, ¶ 5, 335 Mont. 16, 157 P.3d 671 (citations omitted).

3

¶8 The District Court expressly noted that Davenport alleged both contract and tort claims. It concluded that under § 25-2-121(1), MCA, venue for a contract claim must be brought in either the county where the defendants, or any of the defendants, reside or in the county where the contract was to be performed. The court observed that all of the defendants in this case reside in Flathead County. The court further noted that the defendants did not perform any contractual services in Missoula County. Consequently, the District Court ruled that Flathead County was the proper venue for Davenport's contract claims.

¶9 Turning to Davenport's tort claims, the court relied upon § 25-2-122(1)(a) and (b), MCA, which provides that the proper venue for a tort action is "the county in which the defendants or any of them reside at the commencement of the action," or in "the county in which the tort was committed." The statute further provides that if the "tort is interrelated with and dependent upon a claim for breach of contract, the tort was committed, for the purpose of determining the proper place of trial, in the county in which the contract was to be performed." Section 25-2-122(1)(b), MCA. The court concluded that the proper venue for Davenport's tort claims was Flathead County.

¶10 Davenport, continuing to represent herself, argues on appeal that the tortious actions of deceit and fraud took place in Missoula County when Frampton called Davenport at her Missoula home and claimed that he would win the Lincoln County foreclosure action. She asserts that her tort claims were neither related to nor dependent upon her contract claims and therefore could be tried separately, presumably with the tort claims being heard in Missoula County and the contract claims being heard in Flathead

4

County. Morrison & Frampton counters that the resident county of the defendants is the proper venue for all of Davenport's claims. In addition to relying on §§ 25-2-121 and -122, MCA, Morrison & Frampton relies upon § 25-2-116, MCA, which provides:

> In an action involving two or more claims for which this part designates more than one as a proper place of trial, a party entitled to a change of place of trial on any claim is entitled to a change of place of trial on the entire action, subject to the power of the court to separate claims or issues for trial under Rule 42(b) of the Montana Rules of Civil Procedure.

¶11 The District Court correctly determined that Flathead County was the appropriate place of trial for this cause of action. Under the facts of this case and the applicable statutes, both the contract and tort claims against Morrison & Frampton are correctly reviewed in the resident county of the defendants. We further conclude that Davenport's arguments seeking to place venue in Missoula County based upon Frampton's alleged "unclean hands" and her view that venue in Flathead County is "manifestly unjust and inequitable" are without merit.

¶12 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the District Court's interpretation and application of the relevant law was correct.

¶13 Affirmed.

/S/ MICHAEL E WHEAT

We Concur:

/S/ LAURIE McKINNON
/S/ JAMES JEREMIAH SHEA
/S/ BETH BAKER
/S/ JIM RICE