[Civ. No. 750.    Second Appellate District.—February 15, 1910.]

GEORGE J. BIRKEL COMPANY, a Corporation, Respondent, v. JOHN HOWZE, ROBERT MARSH, and J. E. MARSH, Appellants.

Transfer of Stock—Agreement for Repurchase at Agreed Price with Interest—Validity—Constitutional Law.—A transfer of shares of stock for an agreed price, accompanied by an agreement by the vendor to repurchase the stock, on demand, within one year, at the agreed price, with six per cent per annum interest added, is valid, and does not show a gambling transaction, nor a void sale of stock on margin, or to be delivered at a future time, within the provision of section 26 of article IV of the state constitution.

Id.—Construction of Contract—Legality Favored.—The instrument embodying the terms of the contract, under section 1693 of the Civil Code, is entitled to such a construction as will make it lawful, operative and capable of being carried into effect, if it can be done without violating the intention of the parties.

Id.—Spirit and Object of Provision of Constitution.—Agreements of this kind are not within the spirit of the provision in section 26 of article IV of the constitution. The object of that provision was to strike down a species of gambling in mining stocks then rife in this state. It is not its purpose to interfere with legitimate business, or to make void all time contracts for the purchase of shares in corporations.

Id.—Variance as to Legality of Contract—Burden of Proof—Presumed Legality.—Although this form of contract might be used to effect a prohibited transaction not appearing upon its face, yet,

if its true character is different from that which on its face it purports to be, the burden is upon the party seeking to be relieved therefrom to show such variance. If such burden is not sustained, and there is nothing in the record indicating that the transaction is other than that which it purports to be, its legality must be presumed.

Id.—Stipulated Return of Property Purchased on Demand—Option of Rescission.—In all classes of cases where a purchaser pays the price, but stipulates that he may, if he so desires, return the property and receive back the price paid, such stipulation is usually held not to be a contract of purchase, but for the exercise of an option of rescission, and the title upon the exercise of the option at once vests in the original vendor.

APPEAL from a judgment of the Superior Court of Los Angeles County.   W. P. James, Judge.

The facts are stated in the opinion of the court.

Clair S. Tappan, for Appellants.

E. S. Williams, for Respondent.

ALLEN, P. J.—The complaint filed by plaintiff sets out a written instrument in the words and figures following:

"Sept. 1st, 1906.

"George J. Birkel Company,
        "Los Angeles, Calif.

"For value received, we herewith hand you twenty-five (25) shares of Mount Washington Company stock certificates No. 60, 61, 64, at a total value of twenty-five hundred ($2500) dollars.

"We agree, at the expiration of one (1) year from date, on demand, to purchase said stock for twenty-five hundred dollars, with interest added at six per cent. per annum from date.

"(Signed)    JNO. HOWZE.
            "ROBERT MARSH.
            "J. E. MARSH."

It is averred that on August 6, 1907, plaintiff gave notice to defendants that on September 1, 1907, it would demand of defendants that they pay the sum of $2,500, with interest, for said stock under said agreement; that accordingly the

certificates mentioned evidencing the shares specified were duly indorsed by plaintiff so as to assign and transfer the same to defendants and a tender made and a demand of payment; that defendants refused to accept or pay for said shares of stock. Defendants, in their answer, admit the execution of the instrument, but deny the other allegations of the complaint, and allege further that the contract attempted to be set forth in plaintiff's complaint is void, inasmuch as it is repugnant to the provisions of section 26 of article IV of the constitution of the state of California.

Upon the trial of the action the court found in favor of plaintiff upon all of the issues, and rendered judgment accordingly; defendants appeal therefrom upon the judgment-roll.

The only question, therefore, presented upon this appeal is as to the character of the written instrument, the basis of the action. The constitutional provision referred to is: "All contracts for the sale of shares of the capital stock of any corporation or association, on margin, or to be delivered at a future day, shall be void." It is appellants' contention that this instrument upon its face is one indicating a gambling transaction. With this we do not agree. This instrument, under section 1643, Civil Code, is entitled to such a construction as will make it lawful, operative and capable of being carried into effect, if it can be done without violating the intention of the parties. As we read the instrument, it declares upon its face that certain shares of stock have been delivered to plaintiff upon an agreed valuation, and that the right and option is reserved in plaintiff at any time after the expiration of one year, upon demand, to reassign and redeliver the shares and to receive the money paid, with interest. Agreements of this kind are not within the spirit of the constitutional provision referred to. The object sought by this constitutional provision was to strike down a species of gambling in mining stocks, an evil then rife in this state. (*Cashman* v. *Root*, 89 Cal. 382, [23 Am. St. Rep. 482, 26 Pac. 883].) "It is not the purpose of this provision of the constitution to interfere with legitimate business, or to make void all time contracts for the purchase of shares in incorporated companies." (*Kullman* v. *Simmons*, 104 Cal. 600, [38 Pac. 363].) It is true that this form of contract could be used

to effect a prohibited transaction, but if its true character is different from that expressed upon its face, the burden is upon the party seeking to be relieved therefrom to show such variance. There is nothing in this record indicating that the transaction is other than the one which upon its face it purports to be. In addition to this, it is said by our supreme court, in *Gay* v. *Dare,* 103 Cal. 459, [37 Pac. 466], that in all classes of cases where a purchaser pays the price but stipulates that he may, if he so desires, return the property and receive back the price paid, it is usually held not to be a contract of purchase, but is the exercise of an option of rescission, and the title upon the exercise of the option at once vests in the original vendor.

Viewing this case, therefore, from either standpoint presented, we think the judgment of the trial court was warranted and the same should be affirmed; and it is so ordered.

Shaw, J., and Taggart, J., concurred.