No. 88-215

IN THE SUPREME COURT OF THE STATE OF MONTANA

1988

---

ROBERT HURLY,

       Plaintiff and Respondent,

  -vs-

DEAN STUDER, RALPH STUDER,
and LARRY CHOUINARD,

       Defendants and Appellants.

---

APPEAL FROM:  District Court of the Fourteenth Judicial District,
In and for the County of Valley,
The Honorable Leonard H. Langen, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Ward Swanser; Moulton, Bellingham, Longo & Mather,
Billings, Montana

    For Respondent:

        Robert Hurly, Glasgow, Montana

---

Submitted on Briefs:  Aug. 11, 1988

Decided:  September 22, 1988

Filed:  SEP 2 2 1988

*Ethel M. Harrison*
              Clerk

Mr. Justice Fred J. Weber delivered the Opinion of the Court.

Mr. Hurly brought this suit to recover a balance due on his fees for negotiation services rendered for the defendants. The District Court for the Seventeenth Judicial District, Valley County, denied defendants' motion for change of venue. We remand for reconsideration.

The sole issue is whether the District Court erred in denying defendants' motion for change of venue.

Mr. Hurly is an attorney in private practice at Glasgow, Montana. The defendants were the owners, operators, and managers of a development complex near Billings. According to the complaint, Mr. Hurly agreed to "provide business skills to renegotiate on the guarantees of the Defendants to [a Billings bank], and to work to renegotiate the terms of [certain loans mortgaged to a Maryland corporation]." Mr. Hurly's complaint alleges that he provided those services, but that the defendants failed to pay the entire fee for the services. In answer to the complaint, the defendants filed a motion for change of venue to Yellowstone County. They appeal from the denial of that motion.

Did the District Court err in denying defendants' motion for change of venue?

In denying the motion for change of venue, the District Court relied upon this Court's opinion in Whalen v. Snell (1983), 205 Mont. 299, 667 P.2d 436. Whalen involved an attorney's claim for his legal fees. The complaint alleged damages resulting from the defendant's failure to pay the agreed rate for attorney fees. This Court concluded that this was a claim of bad faith in tort and that the rule for venue was therefore found at § 25-2-102, MCA. The complaint in the present case alleges breach of contract, not tort.

Further, Mr. Hurley emphasizes that he was providing business negotiation skills and not legal services. We conclude that Whalen is not controlling.

Section 25-2-121, MCA, governs venue for actions upon contracts. In relevant part it provides:

> (1) The proper place of trial for actions upon contracts is either:
> (a) the county in which the defendants, or any of them, reside at the commencement of the action; or
> (b) the county in which the contract was to be performed. The county in which the contract was to be performed is:
> . . .
> (ii) if no county is named in the contract as the place of performance, the county in which, by necessary implication from the terms of the contract, considering all of the obligations of all parties at the time of its execution, the principal activity was to take place.
> (2) Subsections (2)(a) through (2)(d) do not constitute a complete list of classes of contracts; if however, a contract belongs to one of the following classes, the proper county for such a contract for the purposes of subsection (1)(b)(ii) is:
> . . .
> (b) contracts of employment or for the performance of services: the county where the labor or services are to be performed[.]

When it ruled on the motion for change of venue, the court had before it the complaint, the motion and response to the motion for change of venue, two affidavits of Dean Studer, and two affidavits of Robert Hurly. The first affidavit of Dean Studer indicates that the defendants are all residents of Yellowstone County. It also states that "the individual contract was to be performed in Yellowstone County and not Hill [sic] County." Mr. Studer's second affidavit states that Mr. Hurly met with defendants in Billings and hired a negotiator who conducted negotiations, mailed correspondence,

3

and made phone calls from Billings.  Mr. Hurly's affidavits state that while some of his services were performed by himself or others at other locations, the great majority were performed by him in his law offices in Valley County.  The affidavits clearly present conflicting evidence as to where the contract was performed under § 25-2-121(1)(b)(ii) or (2)(b), MCA.  The District Court must make the initial factual determination on this issue.  Section 25-2-201, MCA.

Remanded for reconsideration of the motion for change of venue.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices

4