No. 89-398

IN THE SUPREME COURT OF THE STATE OF MONTANA

1990

---

BHC HOLDING CO., A Montana Corporation,

Plaintiff and Respondent,

-vs-

ROBERT HURLY,

Defendant and Appellant.

---

APPEAL FROM:    District Court of the Thirteenth Judicial District
                In and for the County of Yellowstone,
                The Honorable G. Todd Baugh, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Peter O. Maltese, Sidney, Montana
        Robert Hurly, Glasgow, Montana

    For Respondent:

        David A. Veeder and Joseph V. Womack; Veeder &
        Broeder, Billings, Montana

---

Submitted:  Nov. 2, 1989

Decided:  March 6, 1990

Filed:

Clerk

Justice William E. Hunt, Sr., delivered the Opinion of the Court.

Defendant, Robert Hurly, appeals from an order of the District Court of the Thirteenth Judicial District, Yellowstone County, denying his motion for change of venue. We affirm.

The sole issue raised on appeal is whether the District Court erred in denying Hurly's motion for change of venue.

Robert Hurly is an attorney in private practice in Glasgow, Valley County, Montana. Plaintiff, BHC Holding Company, is a Montana Corporation with its principal place of business in Billings, Yellowstone County, Montana. The complaint alleges that BHC is the successor in interest to the rights and claims of Suburb Partnership, a Montana general partnership, which owned the Briarwood Project, a housing and country club development located in Yellowstone County.

BHC's complaint stated a claim for legal malpractice, alleging that Suburb had employed Hurly to represent it in working out its financial difficulties with the United States Department of Housing and Urban Development (HUD), which held a mortgage on the Briarwood subdivision, and First Bank of Billings, which held a mortgage on the Briarwood country club. BHC claimed, among other things, that Hurly negligently performed these services and that Hurly breached his duty by failing to work out suitable agreements with the Bank and HUD. BHC sought compensatory damages as well as cancellation of any sums due for legal services and return of all sums previously paid for such services.

The present case is a companion to an appeal we dealt with in Hurly v. Studer (Mont. 1988), 761 P.2d 821, 45 St.Rep. 1761 (Studer). In that case, Hurly brought a breach of contract suit in Valley County against Dean and Ralph Studer and Larry Chouinard individually, alleging that these defendants were the parties with whom he had contracted to renegotiate the Briarwood Project loans. Hurly sought payment for services allegedly due and owing. Like

2

the present case, Studer concerned a denial of a motion for change of venue. We remanded the case to the District Court because the court had not made the initial determination as to the location of the performance of the contract.

In response to the complaint filed by BHC, Hurly filed various motions with the Yellowstone County District Court, including a motion for change of venue to Valley County. The District Court reserved ruling on the motions pending the outcome of the Studer appeal and the Valley County District Court's resolution of the issue on remand. After several months elapsed and the Valley County Court had not rendered a decision on the matter, the Yellowstone County Court issued a ruling on the venue question, holding that venue was proper in Yellowstone County. Hurly appealed to this Court.

The complaint in the present case states a claim of legal malpractice, which is a tort. The statute governing venue for actions based upon tort provides as follows:

The proper place of trial for a tort action is:

(1) the county in which the defendants, or any of them, reside at the commencement of the action; or

(2) the county where the tort was committed. If the tort is interrelated with and dependent upon a claim for breach of contract, the tort was committed, for the purpose of determining the proper place of trial, in the county where the contract was to be performed. (Emphasis added.)

Section 25-2-122, MCA.

"For the purposes of venue, a tort is committed where there is a concurrence of breach of obligation and the occasion of damages." Whalen v. Snell (1983), 205 Mont. 299, 302, 667 P.2d 436, 437. Hurly's obligation in this case was to negotiate a settlement with the Bank and HUD on behalf of BHC's predecessor in

3

interest. The breach, if any, occurred in the county in which Hurly performed these negotiations.

The District Court found that, even though Hurly's law office was located in Valley County, the services he performed for BHC's predecessor in interest were not legal services conducted from his office but negotiation services conducted in Yellowstone County. Therefore, any negligence that Hurly may have committed occurred in Yellowstone County. Furthermore, any damages that may have resulted from Hurly's alleged breach accrued in Yellowstone County, the county where the property that was the subject of the negotiations was located.

The place where the alleged tort was committed was in Yellowstone County. Therefore, Yellowstone County was the proper place for trial. The District Court did not err in denying Hurly's motion for change of venue to Valley County.

Affirmed.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices

4