No. 89-566

IN THE SUPREME COURT OF THE STATE OF MONTANA

1990

SCHUTZ FOSS ARCHITECTS,

    Plaintiff and Respondent,

       v.

NICK CAMPBELL, M.D.,

    Defendant & Appellant.

APPEAL FROM:   District Court of the Thirteenth Judicial District,
                In and for the County of Yellowstone
                The Honorable Diane G. Barz, presiding.

COUNSEL OF RECORD:

      For Appellant:

      Patrick E. Melby, Luxan & Murfitt, Helena, Montana

      For Respondent:

      Paul D. Miller, Billings, Montana
      David R. Chisholm, Billings, Montana

Submitted on briefs: February 9, 1990

Decided: May 31, 1990

Filed:

Clerk

Justice William E. Hunt, Sr., delivered the Opinion of the Court.

Defendant and appellant, Dr. Nick Campbell, appeals from an order of the Thirteenth Judicial District Court, Yellowstone County, which denied his motion for change of venue. We affirm.

The sole issue presented on appeal is whether the District Court abused its discretion in denying Campbell's motion for change of venue from Yellowstone County to Broadwater County.

In September, 1985, Campbell, a resident of Broadwater County, entered into a contract with Foss Associates, Ltd., an architectural firm located in Billings, Yellowstone County. The contract provided that Foss Associates would render architectural services in connection with the construction of a medical clinic in Townsend, Broadwater County.

On June 23, 1989, Schutz Foss Architects filed a complaint against Campbell in the Yellowstone County District Court, seeking payment for services rendered on the contract. (Apparently, at some point between signing the contract and filing the complaint, Foss Associates changed its name to Schutz Foss Architects.) Campbell moved the court for change of venue from Yellowstone County to Broadwater County. After briefing, the District Court denied the motion, finding that the agreement between the parties involved a contract for services that were to be performed in Yellowstone County. From this order, Campbell appeals.

The statute governing venue for actions based upon contracts provides as follows:

2

(1) The proper place of trial for actions upon contracts is either:

(a) the county in which the defendants, or any of them, reside at the commencement of the action; <u>or</u>

(b) <u>the county in which the contract was to be performed</u>. The county in which the contract was to be performed is:

(i) the county named in the contract as the place of performance; <u>or</u>

(ii) if no county is named in the contract as the place of performance, <u>the county in which, by necessary implication from the terms of the contract, considering all of the obligations of all parties at the time of its execution, the principal activity was to take place</u>.

(2) Subsections (2)(a) through (2)(d) do not constitute a complete list of classes of contracts; <u>if, however, a contract belongs to one of the following classes, the proper county for such a contract for the purposes of subsection (1)(b)(ii) is</u>:

(a) contracts for the sale of property or goods: the county where possession of the property or goods is to be delivered;

(b) <u>contracts</u> of employment or <u>for the performance of services</u>: <u>the county where the</u> labor or <u>services are to be performed</u>;

(c) contracts of indemnity or insurance: the county where the loss or injury occurred or where a judgment is obtained against the assured or indemnitee or where payment is to be made by the insurer;

(d) <u>contracts for construction</u> or repair: <u>the county where the object to be constructed</u> or repaired is situated or <u>is to be built</u>. (Emphasis added.)

Section 25-2-121, MCA.

The contract venue statute allows the plaintiff to elect alternate places for trial. Montana Sup. Ct. Comm'n on the Rules of Evidence, Recommendations for Revisions in Venue Statutes, Report to the Senate Judiciary Comm., 49th Leg. (Jan. 22, 1985).

3

Venue may properly be obtained in either the county where the defendant resides at the time of the commencement of the action or the county in which the contract was to be performed. Section 25-2-121(1), MCA. As Campbell, the defendant in this case, resided in Broadwater County at the time of the commencement of the action, venue is proper in Yellowstone County only if that is the county where the contract was to be performed.

The statute enumerates guidelines to aid the courts in determining where the contract was to be performed. If the contract specifically names a county as the place of performance, venue is proper in that county. Section 25-2-121(1)(b)(i), MCA. If the contract fails to name a county where the agreement is to be performed, the court must determine the principal place of performance by considering the terms of the contract and the obligations of all of the parties at the time of the agreement's execution. Section 25-2-121(1)(b)(ii), MCA.

The contract in the present case neglects to identify a place of performance. Therefore, we must ascertain the county in which the contract was to be performed.

Subsection (2) of the venue statute assists in resolving the question regarding where the contract was to be performed by listing certain classes of contracts and designating the proper county of trial should the contract fall within one of those classes. Campbell contends that the agreement in question constituted a construction contract, the overall purpose of which was the construction of a medical clinic in Broadwater County.

Therefore, Campbell argues, venue is governed by § 25-2-121(2)(d), MCA, which provides that the proper place of trial for construction contracts is the county where the object to be constructed is to be built, in this case, Broadwater County.

Schutz Foss, on the other hand, maintains that the agreement constituted a contract for architectural services, and is therefore controlled by § 25-2-121(2)(b), MCA, which provides that the proper place of trial for an action based upon a contract for services is the county where the services are to be performed. The District Court agreed with Schutz Foss and found that the agreement was a contract for architectural services governed by § 25-2-121(2)(b), MCA. After reviewing the contract, we are compelled to agree with the District Court.

The contract was to be performed in five phases. In the first phase, Schutz Foss was to prepare Schematic Design Documents, which consisted of drawings and other documents illustrating the scale of relationship of the project's components. In the second phase, Schutz Foss was to prepare Design Development Documents, which consisted of drawings and other documents describing the size and character of the entire project with regard to architectural, structural, mechanical and electrical systems and materials. In the third phase, Schutz Foss was to prepare Construction Documents, which consisted of drawings and specifications detailing the requirements for the construction of the project. In the fourth phase, Schutz Foss was to assist Campbell in obtaining bids and awarding the construction contract. Finally, in the fifth phase,

Schutz Foss was to administer the construction contract, which included visiting the site to ascertain the progress of the work and approving charges billed to Campbell by the contractor. The contract specifically provided that Schutz Foss "shall not have control or charge of and shall not be responsible for construction means, methods, techniques, sequences or procedures . . . " during the building stage.

An examination of the agreement establishes that, although the ultimate outcome of the contract was to be the construction of a medical clinic in Broadwater County, Schutz Foss was not hired to actually construct the building. Rather, Schutz Foss was hired to render professional architectural services in connection with the building of the clinic. Therefore, the District Court did not err in concluding that the agreement was a service contract governed by § 25-2-121(2)(b), MCA.

Once it decided that the contract in question was a service contract, the District Court went on to find that the services were to be performed in Yellowstone County. Campbell argues that this finding was erroneous.

The District Court partially relied upon Whalen v. Snell, 205 Mont. 299, 667 P.2d 436 (1983), for its determination that the contract was to be performed in Yellowstone County. In Whalen, we noted in dicta that the place of performance of a contract for attorney services was the place where the client's payment was to be made. At the time Whalen was written, however, the venue statutes did not possess a particular provision concerning place

of trial for service contracts. In 1985, the legislature completely revised the venue statutes, adding specific venue rules for particular classes of contracts. See § 25-2-121(2), MCA. In adding the specific provision governing employment and service contracts found at § 25-2-121(2)(b), MCA, the Commission on the Rules of Evidence stated:

> Subsection (2)(b) adopts the rule declared in Hardenburgh [Hardenburgh v. Hardenburgh, 115 Mont. 469, 146 P.2d 151 (1944)] for employment contracts. The Hardenburgh decision specifically overruled the portion of State ex rel. Coburn v. District Court, 41 Mont. 84, 108 P. 145 (1910) which had held that the venue of any contract calling for payment of money was at the residence of the creditor, but adopted the holding of Coburn that the place of performance of a labor contract was the place where the labor or services were to be performed. No subsequent cases have dealt with the question, so the basic rule of Coburn and Hardenburgh is clearly in force and is expressed in this subsection. (Emphasis added).

Although the Commission failed to mention Whalen in its comments regarding service contracts, this omission is not surprising considering the fact that Whalen really concerned venue for tort, not contract, actions and any comments in that case concerning venue for contract suits were merely dicta. Accord Hurly v. Studer, 234 Mont. 100, 761 P.2d 821 (1988). What is clear from the Commissioners' report is that subsection (2)(b) adopted the rule that the proper place of trial for employment and service contracts is the place where the labor or services are to be performed regardless of the place of payment for the services.

Even though Whalen does not control the decision of this case, the District Court did not abuse its discretion in determining that venue was proper in Yellowstone County. The terms of the contract

7

in the present case indicate that Campbell procured Schutz Foss's architectural services for the principal purpose of designing a medical clinic. By their very nature, Schutz Foss's professional design services were to be performed in its office, the place where drawing tables and other specialized architectural equipment were located. Although a portion of the contract required Schutz Foss to periodically visit the construction site in Townsend and the affidavit of Campbell indicated that Schutz Foss had met with him on occasion in Broadwater County, it is clear that the primary activity to be performed by Schutz Foss was the design of the structure, an activity that, by necessary implication, principally occurred in Schutz Foss's offices.

The contract between the parties was a contract for architectural services. The services were to be performed principally in the offices of Schutz Foss, which were located in Yellowstone County. The District Court did not abuse its discretion in denying Campbell's motion for change of venue from Yellowstone County to Broadwater County.

Affirmed.

_____
Justice

We Concur:

_____
Chief Justice

_____

8

John Conway Harrison

Justices