NO. 94-078

IN THE SUPREME COURT OF THE STATE OF MONTANA

1994

PHILLIP N. CARTER,

        Plaintiff and Respondent,

    v.

JERROLD L. NYE and NYE & MEYER, P.C.,
a Montana professional corporation,

        Defendants and Appellants.

APPEAL FROM:   District Court of the Seventh Judicial District,
               In and for the County of Richland,
               The Honorable M. James Sorte, Judge presiding.

COUNSEL OF RECORD:

        For Appellant:

            Robert Edd Lee, Attorney at Law,
            Billings, Montana

        For Respondent:

            Gene R. Jarussi, Jarussi & Bishop,
            Billings, Montana

Submitted on Briefs:   June 30, 1994

Decided:   August 30, 1994

FILED

Filed:   AUG 3 0 1994

*Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

Clerk

Justice Terry N. Trieweiler delivered the opinion of the Court.

Plaintiff Phillip N. Carter filed a complaint in the Seventh Judicial District Court in Richland County, against Nye and Meyer, P.C., and Jerrold L. Nye for malicious prosecution of District Court Cause No. DV-93-018, *Karen Caveny v. Johnston-Will, Inc., a Montana Corporation, Marlin W. Johnston, Myron A. Johnston, Gregory W. Johnston, Dave A. Johnston, and Phillip N. Carter.* Nye moved for a change of venue and now appeals the District Court's denial of that motion. We affirm the District Court.

Our review is limited to the following issue: Did the District Court correctly deny Nye's motion to change venue to Yellowstone County?

<u>FACTUAL BACKGROUND</u>

In Richland County District Court Cause No. DV-89-064, Karen Caveny sued Johnston-Will, Inc., to force a stock buy-back from her ex-husband's family corporation, or in the alternative, to force the corporation to liquidate. Jerrold Nye represented Karen Caveny and Phillip Carter represented Johnston-Will. On the eve of trial, the parties entered a structured settlement agreement and stipulated to dismiss the lawsuit.

Caveny alleged that she received the first two installments of the settlement, but none thereafter. In November 1992, she filed a motion under the same cause number, DV-89-064, for an order to show cause why the settlement was not being performed, or in the alternative, why the stipulation should not be set aside or

2

converted into a judgment for the amount due. At a January 5, 1993, hearing, Johnston-Will argued that the show cause order was improperly before the court and that the court lacked jurisdiction over Cause No. DV-89-064 because it had been dismissed. The District Court agreed, dismissed the order to show cause without prejudice, and granted leave for Caveny to petition to reopen Cause No. DV-89-064 or to pursue a separate claim for breach of the settlement agreement.

On February 11, 1993, Jerrold Nye, as attorney for Karen Caveny, filed a complaint against Johnston-Will, Inc., and **Phillip** Carter. The District Court granted summary judgment in favor of Carter after it found no basis in fact to have named Carter as a defendant, and dismissed the claim against him with prejudice.

On December 10, 1993, Carter filed this action against Nye and alleged that Nye instigated and prosecuted the action against him without probable cause. On December 23, 1993, Nye moved for a change of venue from **Richland** County to Yellowstone County. The District Court denied his motion to change venue in an order filed February 7, 1994. Nye filed this appeal on February 16, 1994.

Nye argues that Montana does not recognize a tort action for malicious prosecution against the attorney who filed the underlying case. However, Nye did not file a Rule 12(b)(6), M.R.Civ.P., motion to dismiss for failure to state a claim for which relief may be granted, nor does the record contain any previous reference to this issue. It is well-settled that we will not address issues

3

raised for the first time on appeal. *Hislop v. Cady* (1993), 261 Mont. 243, 250, 862 **P.2d** 388, 392.

Nye further argues that this Court should dismiss the case against him by issuing a writ of supervisory control or by a similar exercise of this Court's inherent powers. However, Nye has not properly invoked these powers, as required under Rule 17, **M.R.App.P.,** nor has he shown necessity for such extraordinary remedies. We find **Nye's** requests for these remedies to be without merit.

**Nye's** notice of appeal was limited to the order denying a change of venue. Our decision is necessarily limited to that issue. *See* Rule 4(c), **M.R.App.P.;** *Tefft v. Tefft* (1981), 192 Mont. 456, 461, 628 **P.2d** 1094, 1097 (citing *State v. Todd* (1945), 117 Mont. 80, 158 **P.2d** 299; *Sperling v. Calfee* (1888), 7 Mont. 514, 19 P. 204).

DISCUSSION

The denial or grant of a motion to change venue is a legal conclusion. *Gabriel v. School Dist. No. 4, Libby* (Mont. **1994)**, 870 **P.2d** 1351, 1352, 51 St. Rep. 217, 217. We review conclusions of law to determine whether the district court correctly applied the law. *Emery v. Federated Foods, Inc.* (1993), 262 Mont. 83, 87, 863 **P.2d** 426, 429: *In re Marriage of Durbin* (1991), 251 Mont. 51, 55, 823 **P.2d** 243, 245.

The cause of action alleged in this case is the tort of malicious prosecution. The proper place of trial for a tort action is the county in which the defendant resides or the county where the tort was committed. Section 25-2-122, MCA. We have held that

4

when venue properly lies in two different counties under this statute, a plaintiff may choose either county. *Bradley v. Valmont Industries,* Inc. (1985), 216 Mont. 429, 431, 701 P.2d 997, 998. We have also held that for purposes of venue "a tort is committed where there is a concurrence of breach of obligation and the occasion of damages." *BHC Holding Co.* v. *Hurly* (1990), 242 Mont. 4, 6, 788 P.2d 322, 323 (quoting *Whalen v. Snell* (1983), 205 Mont. 299, 302, 667 P.2d 436, 437).

In an affidavit filed with the District Court, Carter alleged that his damages occurred in Richland County where he had his office for the past ten years. Because of the allegations in the complaint filed against him, he terminated his business relationship with Johnston-Will, Inc., whom he had served as legal counsel for several years, and advised them to seek other counsel. As a result, Carter alleges that he lost income that he would have continued to receive at his office in Richland County. While we do not decide whether the damages alleged were actually sustained, the evidence is uncontroverted that, if sustained, the alleged damages occurred in Richland County.

For purposes of venue, we must also identify the breach involved to determine where the tort was committed. Carter alleges that Nye breached his obligation by filing a lawsuit with malice and without probable cause. Nye argues that he drafted and signed the complaint in his office in Yellowstone County and contends that

5

any breach necessarily occurred during the "lawyering process," which took place at his office.

Nye cites *Howard v. Dooner Laboratories, Inc.* (1984), 211 Mont. 312, 688 P.2d 279, and *Schutz Foss Architects v. Campbell* (1990), 243 Mont. 194, 793 P.2d 821, in support of his position that when a professional person is alleged to have committed a tort, the tort necessarily occurs where the professional provides his or her services. However, those cases are distinguishable based on their facts.

Nye's argument and emphasis on the "lawyering process" might have merit if he was defending against a professional negligence claim. The elements of a malicious prosecution cause of action, however, require in part, "[a] judicial proceeding commenced against the party alleging malicious prosecution . . . and damages suffered by the party alleging malicious prosecution." *O'Fallon v. Farmers Ins. Exch.* (1993), 260 Mont. 233, 238, 859 P.2d 1008, 1011. A judicial proceeding "is commenced by filing a complaint with the court." Rule 3, M.R.Civ.P. The judicial proceeding in this instance was commenced against Phillip Carter by a complaint filed in Richland County.

We conclude that if a breach of obligation occurred, it occurred when the complaint was filed in Richland County. Because we also conclude that the alleged damages occurred in the same county, we hold that venue was proper in Richland County and conclude that the District Court correctly denied Nye's motion for change of venue to Yellowstone County.

The order of the District Court denying defendant's motion for change of venue is affirmed.

_____
                                Justice

We concur:

_____
            Chief Justice

_____

_____

_____
            Justices

7

August 30, 1994

## CERTIFICATE OF SERVICE

I hereby certify that the following certified order was sent by United States mail, prepaid, to the following named:

Robert Edd Lee
Attorney at Law
P.O. Box 7015
Billings, MT 59103

Gene R. Jarussi, Esq.
Jarussi & Bishop
P.O. Box 3353
Billings, MT 59103

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY:_____
Deputy