JUSTICE COTTER
dissents.
¶25 I dissent. In concluding that Gallatin County is a proper venue under § 25-2-122(1)(b), MCA, we have misconstrued the statute, we have erroneously expanded this Court’s holding in BHC Holding Co. v. Hurly, and we have displaced the historic primacy of the county of the defendant’s residence as the primary place of venue. 242 Mont. 4, 788 P.2d 322 (1990).
¶26 Upon concluding that Circle S’s claim sounds basically in tort, we proceed to cite BHC Holding Co. for the proposition that a tort is committed, for the purposes of venue, “where there is a concurrence of breach of obligation and the occasion of damages.” ¶ 18. While acknowledging that MMI’s decision to use the Circle S trademark occurred at its business office in Cascade County-which is also the place of residence of the Defendant-we state that the alleged breach “reached fruition” when MMI “widely distributed its products” around the state, including in Gallatin County, and that damages from the breach would have accrued in Gallatin County. ¶ 19. With all due respect, this conclusion stretches BHC Holding Co. too far. Moreover, in tying venue to the place where damages are experienced, the Court threatens to upend our venue jurisprudence.
¶27 Significant to our holding in BHC Holding Co. was the fact that the tort occurred in Yellowstone County. Thus, under § 25-2-122(1)(b), MCA, venue was proper there, notwithstanding that Hurly’s place of business was in Valley County. Because of this, our reference to the “concurrence of breach of obligation and the occasion of damages” was mere surplusage; i.e., the place where the tort occurred was already determinative under the statute. BHC Holding Co., 242 Mont. at 6, 788 P.2d at 323. Here, by contrast, the tort occurred in Cascade County at MMI’s place of business where it took action to allegedly infringe upon Circle S’s protected trademark. Thus, in this case, unlike in BHC *24 Holding Co., both the locale of the tort and the defendant’s principal place of residence were Cascade County, Montana.
¶28 Section 25-2-118(1), MCA, provides that the proper place of trial of all civil actions is the county of the defendant’s residence. This is the general venue rule. Section 25-2-122, MCA, addresses venue in tort actions and provides that the proper place of trial is either the county of residence of the defendant or the county in which the tort was committed. In the 2004 Annotations to Title 25, MCA, the Evidence Commission Recommendations for Revisions are noted. See 2004 Annotations to the MCA, Volume 4, pages 117-18. The Commission indicates that the location and arrangement of the venue statutes was revised in order to place emphasis upon “the most fundamental of all venue rules-that the defendant has the right to have the trial in his county of residence . . . .” As the Annotation indicates, we have repeatedly said that the principal rule of venue is that venue is proper where the defendant resides. See Hardenburgh v. Hardenburgh, 115 Mont. 469, 473, 146 P.2d 151, 152 (1944); Love v. Mon-O-Co Oil Corp., 133 Mont. 56, 59-60, 319 P.2d 1056, 1058 (1958); and Clark Fork Paving v. Atlas Concrete, 178 Mont. 8, 11, 582 P.2d 779, 781 (1978). That general rule is subject to the specific rules that follow, certainly, but those rules in turn must be followed faithfully.
¶29 Here, while Cascade County was both the county of the Defendant’s residence and the locale where the tort occurred, Gallatin County is simply one of the many counties around the state in which the damages occasioned by the alleged toft were felt. See ¶ 19. No venue statute allows the locale where damages are experienced to dictate venue. I submit that under the rationale of this case-that venue is proper wherever the concurrence of breach of obligation and the occasion of damages reaches fruition-one could successfully argue in virtually any tort action that the concurrence of the two events occurs where the damages are felt, thereby placing the county of the plaintiffs residence on an equal footing with that of the defendant. While there would be nothing wrong with such a rule, the statutes as presently written do not even arguably contemplate such a result.
¶30 Under our longstanding venue rules and jurisprudence, venue in this case was proper in Cascade County, and not in Gallatin County. I would therefore reverse.
JUSTICE NELSON and JUSTICE RICE join in the dissent of JUSTICE COTTER.