
DA 08-0232

## IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2009 MT 21

JAY DEIST,

      Plaintiff and Appellee,

  v.

DONNA THORNTON and THORCO, INC.,
a Montana Corporation,

      Defendants and Appellants.

APPEAL FROM:    District Court of the Fourth Judicial District,
In and For the County of Missoula, Cause No. DV-2008-304
Honorable John W. Larson, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

        James C. Bartlett, Attorney at Law, Kalispell, Montana

      For Appellee:

        Alexander (Zander) Blewett, III, Joseph P. Cosgrove, Hoyt & Blewett,
PLLC, Great Falls, Montana

              Submitted on Briefs:  December 24, 2008

                        Decided:  January 27, 2009

Filed:

      _____
                      Clerk

Justice Patricia O. Cotter delivered the Opinion of the Court.

¶1     Donna Thornton, a resident of Flathead County, Montana, sued Jay Deist (Deist), also a Flathead County resident, in the United States District Court in Missoula, Montana, claiming Deist had committed various federal crimes causing her injury. The federal court ruled in favor of Deist and dismissed Thornton's action. Deist then brought a malicious prosecution claim against Thornton and Thorco, a Montana corporation of which Thornton is an officer, in the Fourth Judicial District Court, also in Missoula. Thornton and Thorco (collectively Thornton unless otherwise indicated) moved to change the venue to the district court in Flathead County. The Fourth Judicial District Court denied the motion. Thornton appeals. We affirm.

## ISSUE

¶2     The dispositive issue on appeal is whether the District Court erred in denying Thornton's Motion to Change Venue to Flathead County.

## FACTUAL AND PROCEDURAL BACKGROUND

¶3     In June 2004, Donna Thornton, an officer for an independent logging contractor named Thorco, Inc., brought a federal action against Deist in the United States District Court in Missoula, Montana, claiming that Deist, as a law enforcement officer with the United States Forest Service, had issued "veiled threats" against her in retaliation for her whistle blowing activities. Thorco was not a named party to this federal action. The federal court dismissed Thornton's claim in May 2006.

¶4     In March 2008, Deist filed a malicious prosecution complaint against both Thornton and Thorco in the Fourth Judicial District Court in Missoula, Montana. He

2

claimed that the federal suit brought by Thornton against him was malicious, lacked probable cause, and caused him emotional distress, physical illness and damage to his reputation.

¶5    Thornton moved the District Court for an order to change the place of trial from Missoula County to Flathead County.  She argued that both she and Deist reside in Flathead County; therefore, in accordance with § 25-2-118, MCA, Deist should have commenced his action in Flathead County.

¶6    Deist countered in his response to Thornton's motion that the proper venue of a malicious prosecution action is the county in which the complaint from the underlying case, i.e., Thornton's federal claim, was filed.  He argued that § 25-2-118, MCA, was not controlling; rather, § 25-2-122, MCA, dictated that the proper place of trial for a tort action is the county in which the defendant resides or the county where the tort was committed.  Deist claimed that the tort was committed in Missoula County where Thornton brought her federal action against him and where he suffered damages.  The District Court agreed with Deist and denied Thornton's motion.  She appeals.

## STANDARD OF REVIEW

¶7    The determination of proper venue is a question of law involving the application of Montana's venue statutes to the pleaded facts.  Our review of a district court's grant or denial of a motion to change venue is plenary; we merely determine whether the court's decision is legally correct.  *Circle S Seeds v. Montana Merchandising*, 2006 MT 311, ¶ 5, 335 Mont. 16, 157 P.3d 671 (citations omitted).

**DISCUSSION**

¶8    *Did the District Court err in denying Thornton's Motion to Change Venue to Flathead County?*

¶9    Section 25-2-122, MCA, identifies various counties in which a tort action may properly be brought depending on the circumstances of the case. This being a tort matter, the proper venue is either the county in which the defendants reside or the county in which the tort was committed. For purposes of venue, a tort is committed where there is a concurrence of a breach of obligation and the occasion of damages. *Whalen v. Snell*, 205 Mont. 299, 302, 667 P.2d 436, 437 (1983). Deist filed his claim for malicious prosecution[1] in Missoula County, arguing that Missoula County is where both the breach—i.e., Thornton's filing of her federal claim—occurred, and his damages were incurred.

¶10   Acknowledging that § 25-2-122, MCA, is the pertinent venue statute for a tort action, Thornton addresses the first factor for determining where a tort is committed—the place where the breach of an obligation occurs. She argues that plaintiffs are required to file their federal actions in specific counties in Montana. She submits that Montana, exclusive of Yellowstone National Park, constitutes one single federal judicial district that has been divided into divisions by local federal judges to enable easier workload

---

[1]   The elements of a malicious prosecution claim are: (1) a judicial proceeding commenced against the party alleging malicious prosecution; (2) the other party's responsibility for instigating the proceeding; (3) a want of probable cause for the other party's action; (4) the existence of malice as the motivator behind the other party's action; (5) the termination of the proceeding in favor of the alleging party; and (6) damages suffered by the party alleging malicious prosecution. *O'Fallon v. Farmers Ins. Exchange*, 260 Mont. 233, 238, 859 P.2d 1008, 1011 (1993). Deist argued all six elements in his complaint and the existence of the elements are not disputed on appeal.

4

sharing. For example, the Missoula Division is the designated county for residents from Flathead, Granite, Lincoln, Mineral, Missoula, Ravalli and Sanders Counties to file federal claims. With no supporting authority, she asserts, however, that a Flathead County resident who merely files and pursues a federal claim in Missoula County does not actually commit her breach of obligation in Missoula County; rather, she is simply obligated to file her federal case there under federal procedural rules. She maintains that a state tort action arising from an underlying federal litigation between two Flathead County residents must be filed in Flathead County, regardless of the fact that she filed her federal case in Missoula.

¶11 Addressing Deist's claim of damages, Thornton argues that the simple filing of the federal complaint in Missoula did not give rise to damages; therefore, the filing of the complaint was not a tort for purposes of determining venue. She relies on cases that establish a claimant's place of damages to be either his residence or his principal place of doing business. *See BHC Holding Co. v. Hurly*, 242 Mont. 4, 6, 788 P.2d 322, 323-24 (1990); *Carter v. Nye*, 266 Mont. 226, 228, 879 P.2d 729, 730 (1994); *Circle S Seeds*. Based upon her interpretation of these cases, she asserts that Deist's damages occurred in Flathead County. Anticipating that Deist may claim damages based upon mental suffering experienced in Missoula as a result of Deist traveling to Missoula during the course of the federal litigation, Thornton submits that the transient nature of this type of suffering should be afforded less weight than the situs of the underlying conduct. She argues that the "controlling 'acts' or 'deed' or 'misdeeds' giving rise to a malicious

5

prosecution case all arose" and that " 'malice' and 'probable cause' have their genesis" in Flathead County.

¶12     Deist counters that Thornton's breach of obligation occurred in Missoula County at the time Thornton filed her federal lawsuit against him. Moreover, he argues that the record clearly establishes that he suffered economic, emotional, and reputation damages in Missoula County as a result of Thornton's breach. Consequently, Missoula County was where the concurrence of both the breach of obligation and the occasion of damages occurred. He maintains that if two counties are potentially proper venues under § 25-2-122(1), MCA, the plaintiff may choose either county. *Carter,* 266 Mont. at 229, 879 P.2d at 730. Deist further asserts that if more than one county is a proper venue, and the plaintiff selects a proper county, under § 25-2-115, MCA, the court may not grant a motion to change venue if the foundation of the motion is that the plaintiff has filed the action in an improper county.

¶13     Deist submitted an affidavit to the District Court in which he claimed that during the approximate two-year-long federal litigation proceeding, he incurred unreimbursed expenses associated with repeatedly traveling to Missoula County to defend against the lawsuit. He also claimed that he suffered emotional distress during his time in Missoula County while meeting with U.S. Government officials, including his former supervisor, as a result of Thornton's lawsuit. Lastly, Deist contended that his reputation as an individual and a law enforcement officer was damaged in Missoula County by Thornton's serious allegations, all of which were graphically described in public documents. Deist maintains the same damage claims on appeal.

6

¶14   We conclude *Carter* is apposite.  In *Carter,* attorney Nye, a Yellowstone County resident, and attorney Carter, a Richland County resident, represented opposing clients in a lawsuit that ended in a structured settlement agreement and dismissal of the case. Subsequently, Carter filed a malicious prosecution case against Nye in Richland County. As defendant, Nye moved to change the venue to his county of residence, Yellowstone County.  The Richland County district court denied the motion.  *Carter*, 226 Mont. at 227-28, 879 P.2d at 730.  Nye appealed and we affirmed, explaining that an element of a malicious prosecution claim is that a judicial proceeding is commenced against the party alleging malicious prosecution.  We noted that such a proceeding is commenced by filing a complaint with the court and that Nye had filed the underlying complaint in Richland County.  Additionally, we concluded for purposes of venue that if Carter incurred the damages he alleged, he incurred them in Richland County.  As such, Richland County was a proper venue for Carter's action to proceed.  *Carter*, 226 Mont. 229-30, 879 P.2d at 731.  While distinguishable from the case at bar because the underlying action in *Carter* was not a federal action requiring filing in a specific location, we are not persuaded that this distinction changes the outcome, nor does Thornton provide any authority for such a conclusion.  Moreover, other jurisdictions have unequivocally held that the venue for a suit for malicious prosecution properly lies in the county where the prosecution was begun.  *King v. Milner*, 167 P. 957 (Colo. 1917); *Rooney et al. v. Murphy*, 62 S.W.2d 659 (Tex. Ct. App. 1933).

¶15   Thornton's purported breach of duty occurred when she intentionally and with alleged malice filed and prosecuted an unsupportable federal cause of action against

7

Deist. To do so, she willingly traveled to Missoula County where, for approximately two years, the federal court prosecuted this matter before terminating it in favor of Deist. Moreover, substantial evidence supports Deist's claim that he suffered damages in Missoula County as a result of Thornton's suit. The concurrence of breach and damages in Missoula County support the District Court's conclusion that Missoula County was a proper venue for Deist's malicious prosecution claim.

¶16    For the foregoing reasons, we affirm the District Court.


                                    /S/ PATRICIA COTTER


We concur:

/S/ JAMES C. NELSON
/S/ W. WILLIAM LEAPHART
/S/ JIM RICE
/S/ BRIAN MORRIS