JUSTICE MORRIS
dissents.
¶20 We previously rejected the argument that, for the purposes of determining venue, a “tort occurs” only where the breach of duty *96 occurs. Circle S Seeds, ¶¶ 8, 18. We recognized instead that a tort occurs “ ‘where there is a concurrence of breach of obligation and the occasion of damages.’ ” Circle S Seeds, ¶ 18, quoting BHC Holding Co. v. Hurly, 242 Mont. 4, 6, 788 P.2d 322, 323 (1990). We determined that venue would be proper either in the county where the breach of duty occurred or the county where the damage occurred. Circle S Seeds, ¶¶ 18, 19, citing Hurly, 242 Mont. at 6, 788 P.2d at 323-24 (analyzing both where breach occurred and where damages occurred).
¶21 We reversed course in Deichl where this Court held that the county where the breach of the duty occurred constituted the only proper venue. Deichl, ¶ 22. Deichl actually suffered damages in Silver Bow County, while the alleged breach of duty in a negligent misrepresentation claim had taken place in Yellowstone County. The Court nonetheless determined that the county in which Diechl actually had suffered damages constituted an improper venue. Deichl, ¶ 19. The Court focused on the fact that the tort of negligent misrepresentation does not contain an inherent “accrual” element. Deichl, ¶ 20. The Court rejected Silver Bow County as a proper venue in light of the fact that the defendants had taken “no actions and committed no breach in that county.” Deichl, ¶ 20.1 dissented in Deichl on the basis that the elements of the tort were not complete, and Deichl had no cause of action, until he actually suffered damages in Silver Bow County. Deichl, ¶ 22.
¶22 The Court again has determined that the breach of duty represents the only relevant element of a tort for the determination of venue. Morris breached his duty of care in Teton County. The vehicles collided in Teton County. The collision propelled Yeager’s vehicle across the county line into Cascade County. Thus, unlike the defendants in Deichl, at least a portion of Morris’s actions took place in Cascade County. Yeager further alleged in her complaint that she suffered damages in Cascade County. Pursuant to Circle S Seeds and Hurly, where we considered both where the breach occurred and where the damage occurred, either Cascade County or Teton County would qualify as a proper venue.
¶23 The Supreme Court of Indiana considered nearly identical facts to the unusual case before this Court. Randolph County v. Chamness, 879 N.E.2d 555 (Indiana 2008). A motor vehicle accident began in one county and the vehicle came to rest in a different county. The court held that either county represented a proper venue when a motor vehicle accident begins in one county and the vehicle comes to rest in the other county. Chamness, 879 N.E.2d at 558. No benefit would be *97 gained by declaring only one county to be the proper venue. Witnesses and police reports were just as likely to be found in either or both of the counties. Chamness, 879 N.E.2d at 558.
¶24 The Court arbitrarily has decided that the breach of duty qualifies as the only element of a tort relevant for a determination of venue. Section 25-2-115, MCA, recognizes that more than one county may qualify as an appropriate venue. When different elements of a tort occur in different counties we should consider all of these counties as a proper venue. We gain no benefit by declaring Cascade County an improper venue. We should consider equally all of the elements of a tort necessary for a cause of action to accrue. Circle S Seeds, ¶ 18. I agree that “[mjost people would say that this accident occurred in both counties, and if we were to hold that an ‘accident or collision’ must occur only in one county, we would not add any level of convenience, only a level of disputatiousness.” Chamness, 879 N.E.2d at 558. I dissent.
CHIEF JUSTICE McGRATH and JUSTICE WHEAT join JUSTICE MORRIS’S dissent.